COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


SHERMAN L. WILSON, S/K/A
 SHERMAN LEE WILSON
                                        OPINION BY
v.    Record No. 0229-02-1         JUDGE RICHARD S. BRAY
                                         APRIL 8, 2003
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                Westbrook J. Parker, Judge

        Timothy E. Miller, Public Defender (Kaaren K.
        Jurack, Assistant Public Defender, on brief),
        for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


     Sherman L. Wilson (defendant) was convicted in a bench trial

for driving after being declared an habitual offender, a second or

subsequent offense, in violation of Code § 46.2-357.  On appeal,

he contends the Commonwealth failed to prove the requisite prior

conviction.  We disagree and affirm the trial court.

                           BACKGROUND

     In accordance with well established principles, "'we review

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492

S.E.2d 826, 831 (1997) (citation omitted).

Viewed accordingly, the evidence established that Virginia State Trooper J.S. Copenhaver effected a traffic stop of a vehicle operated by defendant. A routine "run" of defendant's "criminal . . . or traffic history" and "DMV transcript" by Copenhaver disclosed that defendant had been previously adjudicated an habitual offender and twice convicted of operating a vehicle in violation of the related order.

At trial, the Commonwealth introduced the DMV transcript, which reported the prior convictions, and a certified copy of the warrant charging one such offense, "driv[ing] a motor vehicle . . . after having been found to be an habitual offender," committed on October 19, 1999, in the City of Chesapeake. The warrant clearly recites that defendant appeared before the Chesapeake General District Court, accompanied by counsel, and entered a plea of "guilty." However, the face of the warrant fails to memorialize a finding of guilt by the judge of the general district court, although defendant was sentenced to sixty days in jail, with forty-five days suspended, together with a fine.

Challenging the sufficiency of the evidence, defendant maintained that neither the warrant nor the DMV record proved the predicate prior conviction for a violation of Code § 46.2-357. The trial court, however, noting defendant's plea of guilty to the offense alleged in the warrant, "driv[ing] a

-

motor vehicle . . . after having been found to be an habitual offender," and a sentence consistent with such offense, found the evidence sufficient to convict.  Defendant now appeals to this Court.

## ANALYSIS

"A court speaks through its orders and those orders are presumed to accurately reflect what transpired."  McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997).  Thus, when an accused collaterally attacks a prior conviction in a subsequent trial, "the Commonwealth is entitled to a presumption of regularity which attends the prior conviction . . . '"till the contrary appears."'"  Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (citation omitted).

Code § 19.2-307 requires "a court not of record . . . to memorialize its judgment by setting forth '[the] plea, [the court's] verdict or findings and the adjudication and sentence.'"  McBride, 24 Va. App. at 34-35, 480 S.E.2d at 128 (citing Code § 19.2-307; see Bellinger v. Commonwealth, 23 Va. App. 471, 474, 477 S.E.2d 779, 780 (1996)).  Accordingly, in McBride, this Court reversed a conviction for a second violation of Code § 18.2-266 based upon a warrant that "fail[ed] to state that the court found [the accused] guilty" of the alleged prior offense, a circumstance that rebutted the presumption of

-

regularity and, absent "other evidence to indicate" the intent of the district court, resulted in a failure of proof.  Id. at 35, 480 S.E.2d at 128.

Significantly, however, unlike McBride, defendant entered a plea of guilty to the warrant in issue.

> "[A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law." A guilty plea "is an admission . . . of a solemn character. . . . [I]t is competent evidence against him. . . . [I]t is evidence of each and every element needed to constitute the offense admitted as a crime."

Rose v. Commonwealth, 37 Va. App. 728, 735-36, 561 S.E.2d 46, 50 (2002) (citations omitted).  Thus, defendant's plea constituted an unequivocal admission of the crime, a "self-supplied conviction."  Moreover, the resulting sentence comported with the prescribed punishment for the offense, providing additional evidence of the conviction.

"While 'the most efficient way to prove the prior . . . conviction is to offer in evidence an authenticated copy of the prior order or conviction,' the prior conviction may be proven by any competent evidence."  McBride, 24 Va. App. at 33-34, 480 S.E.2d at 128 (citations omitted).  Our review of the instant record discloses such other "competent evidence" sufficient to prove the previous conviction, notwithstanding the absence of a

-

finding of guilt appearing on the warrant and the attendant

"presumption of regularity."

Accordingly, we affirm the trial court.

<u>Affirmed.</u>
