COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Felton and Kelsey
Argued at Salem, Virginia


CHARLES LEE ARGENBRIGHT

MEMORANDUM OPINION[*] BY
v.        Record No. 3282-02-3        JUDGE WALTER S. FELTON, JR.
NOVEMBER 25, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Humes J. Franklin, Jr., Judge

William E. Bobbitt, Jr., Public Defender (Office of the Public
Defender, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Charles Lee Argenbright appeals his multiple felony convictions for obtaining goods by

false pretenses, having been convicted two or more times previously of larceny or a similar

offense in violation of Code §§ 18.2-178 and 18.2-104. On appeal, he contends the trial court

erred in admitting a copy of a National Crime Information Center (hereafter "NCIC") printout to

prove the prior convictions necessary to enhance thirteen out of eighteen charges of obtaining

goods by false pretenses from misdemeanors to felonies. We disagree and affirm the

convictions.

BACKGROUND

Applying well-established principles of appellate review, we must consider the evidence

and all reasonable inferences fairly deducible therefrom in the light most favorable to the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, the prevailing party below.  Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991).

In March of 2001, Argenbright discovered a box of personal checks belonging to his deceased father.  He and others forged and used eighteen of the checks to fraudulently obtain goods from businesses in the City of Staunton.  Thirteen of the eighteen checks were for amounts less than $200.

On October 15, 2001, a grand jury indicted Argenbright on eighteen counts of obtaining money by false pretenses under Code § 18.2-178.  Because Argenbright had been previously convicted of two or more larceny offenses, thirteen of the eighteen counts were indicted as felonies pursuant to Code § 18.2-104.

On May 17, 2002, the Staunton Circuit Court convicted Argenbright on all eighteen felony counts.  At trial, Investigator Kristie Siron of the Staunton Police Department testified that the felony theft charges were based on Argenbright's record of prior convictions for similar offenses.  When shown a copy of a computer printout of Argenbright's NCIC record by the Commonwealth, Investigator Siron identified the printout as appellant's criminal record.  The Commonwealth then offered the printout into evidence.  Argenbright objected and the following exchange took place:

> MR. BOBBITT [Defense Attorney]:  Your Honor, I'm going to object to the - - this printout, I mean I would think that there ought to be copies of the - - of the - - certified copies of the conviction if they are going to establish that he was convicted.
>
> MR. ROBERTSON [Commonwealth's Attorney]:  Judge, there is a statute that allows the record to come in.
>
> JUDGE:  Isn't that true Mr. Bobbitt?
>
> MR. BOBBITT:  I think he's probably right, but I'm not sure about that so I'm - - I'm going to object to it.
>
> JUDGE:  I'm going to admit it, it's Commonwealth's One.

The trial court relied on the information contained in the NCIC record to prove the prior convictions required under Code § 18.2-104 to convict Argenbright on thirteen out of eighteen felony charges of obtaining money by false pretenses under Code § 18.2-178. The court subsequently sentenced him to the penitentiary for ten years, with seven years suspended. Argenbright appeals the thirteen convictions elevated to felonies pursuant to Code § 18.2-104.

ANALYSIS

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Summerlin v. Commonwealth, 37 Va. App. 288, 293, 557 S.E.2d 731, 734 (2002) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

Both at trial and on appeal, Argenbright argued that only certified copies of court records of his previous convictions were admissible to prove the prior convictions necessary to convict him pursuant to Code § 18.2-104. While he objected when the Commonwealth sought to admit the printout of the NCIC report, his sole argument was that only certified copies of the convictions were admissible for that purpose.

Argenbright argues for the first time on appeal that the trial court erred by admitting the printout without proper certification pursuant to the Code § 8.01-389, the judicial records exception to the hearsay rule. We will not review on appeal a specific argument not raised before the trial court absent a showing of good cause or as necessary to attain the ends of justice. Rule 5A:18; see Scott v. Commonwealth, 31 Va. App. 461, 464-65, 524 S.E.2d 162, 164 (2000). Despite his reliance on Code § 8.01-389 in his brief, Argenbright's contention remains that only certified copies of court records of his previous convictions are admissible as proof to satisfy the prior convictions requirement of Code § 18.2-104.

"While 'the most efficient way to prove the prior . . . conviction is to offer in evidence an authenticated copy of the prior order or conviction,' the prior conviction may be proven by any competent evidence." Wilson v. Commonwealth, 40 Va. App. 250, 254, 578 S.E.2d 831, 833 (2003) (noting defendant's plea of guilty to offense alleged in warrant was sufficient to prove prior conviction as a habitual offender) (citations omitted); see Folson v. Commonwealth, 23 Va. App. 521, 525, 478 S.E.2d 316, 318 (1996) (holding that certified copies of the defendant's prior indictments and subsequent sentences constituted "'records of conviction' because they were recorded evidence that the court convicted the defendant for the crimes charged"); Harris v. Commonwealth, 26 Va. App. 794, 806, 497 S.E.2d 165, 170 (1998) (using out-of-court statements of the probation and parole officer); Miller v. Commonwealth, 22 Va. App. 497, 501, 471 S.E.2d 780, 782 (1996) (admitting probation officer's testimony and report during sentencing).

Code § 18.2-104 requires an admission or finding that the defendant has been convicted previously for two or more larcenies or like offenses punishable as larceny, to enhance a charge of misdemeanor obtaining property by false pretenses to a Class 6 felony. Code § 18.2-104.[1] Nothing in the plain language of Code § 18.2-104 requires the previous convictions be

---

[1] Code § 18.2-104 provides:

> When a person is convicted of an offense of larceny or any offense deemed to be or punished as larceny under any provision of the Code, and it is alleged in the warrant, indictment or information on which he is convicted, and admitted, or found by the jury or judge before whom he is tried, that he has been before convicted in the Commonwealth of Virginia or in another jurisdiction for any offense of larceny or any offense deemed or punishable as larceny, or of any substantially similar offense in any other jurisdiction, regardless of whether the prior convictions were misdemeanors, felonies or a combination thereof, he shall be confined in jail not less than thirty days nor more than twelve months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

established only by the admission of certified copies of the final conviction orders. <u>Compare</u>

Code § 19.2-295.1 (requiring "the Commonwealth to present the defendant's prior criminal

convictions by certified, attested or exemplified copies of the record of conviction" during the

sentencing phase of a bifurcated jury trial). Code § 18.2-104 requires only that the

Commonwealth introduce competent evidence from which the trier of fact can find the defendant

has been previously convicted of prior larceny type offenses.

When Argenbright objected to the offer of the printout of the NCIC report into evidence,

the Commonwealth asserted that there was "a statute" that permits the NCIC report to be

admitted into evidence. In response, the court stated that it also thought a statute permitted the

admissibility of the NCIC report as evidence, and asked if Argenbright agreed. He responded

that he agreed that the Commonwealth was "probably right but I'm not sure about that so I'm - -

I'm going to object to it." Argenbright articulated no other grounds to the trial court as to why

the NCIC report should not have been admitted into evidence. Neither the trial court nor the

Commonwealth's attorney identified the statute "that allows the record to come in." On appeal

we will not speculate on which statute the court may have relied.

Absent clear evidence to the contrary in the record, the judgment of a trial court comes to

us on appeal with a presumption that the judge knew and correctly applied the law. <u>See</u>

<u>Yarborough v. Commonwealth</u>, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

Argenbright argued that the evidence was inadmissible solely because the NCIC printout

was not a certified copy of the court record of his prior convictions. He did not object that the

NCIC report was not accurate or that it contained erroneous information. Finally, Argenbright

did not object to the NCIC report as inadmissible hearsay or that it had not been properly

authenticated. Neither did he object on the grounds of lack of adequate foundation. His failure

to raise these objections to the trial court constituted a waiver of these objections. We will not

consider them for the first time on appeal. See Rule 5A:18; Crawley v. Commonwealth, 29

Va. App. 372, 376, 512 S.E.2d 169, 171 (1999).

In its brief, the Commonwealth contends that the NCIC report is hearsay but is

admissible under Code § 8.01-390, the official records exception to the hearsay rule. The

Supreme Court in Frye v. Commonwealth, 231 Va. 370, 345 S.E.2d 267 (1986), found that an

NCIC report was admissible hearsay. The Court held that:

> In certain cases, where verification of the recorded facts is not
> possible through the personal knowledge of the record keeper,
> practical necessity nevertheless requires admission of recorded
> evidence which has a circumstantial guarantee of trustworthiness;
> this guarantee is provided where evidence shows the regularity of
> the preparation of the records and reliance on them by their
> preparers or those for whom they are prepared. The NCIC
> printout, therefore, also comes within the exception.

Id. at 387, 345 S.E.2d at 279-80.

Argenbright's failure to make a hearsay objection to the NCIC report permits the trial

court to consider the report as evidence of his previous larceny convictions. Without objection,

the trial court may admit evidence that it determines to be relevant, trustworthy and competent.

The trial court determined the evidence to be competent, not inherently incredible and was

sufficient to prove beyond a reasonable doubt that Argenbright had been previously convicted of

the requisite offenses to satisfy the requirement of Code § 18.2-104.[2]

The trial court did not abuse its discretion by admitting the printout of the NCIC report

into evidence to prove Argenbright's prior convictions of larceny as charged in the indictments.

Accordingly we affirm the trial court.

Affirmed.

---

[2] The record reflects that Argenbright took the stand and testified on his own behalf. He did not question the accuracy of the information in the NCIC report, nor did the Commonwealth seek to verify it.

Humphreys, J., concurring.

I concur with the majority in its judgment because I agree that the only issue Argenbright preserved for appeal was whether certified copies of a conviction are the *only* means of establishing convictions. "While 'the most efficient way to prove the prior . . . conviction is to offer in evidence an authenticated copy of the prior order of conviction,' the prior conviction may be proved by any competent evidence." McBride v. Commonwealth, 24 Va. App. 30, 33-34, 480 S.E.2d 126, 128 (1997) (quoting Essex v. Commonwealth, 18 Va. App. 168, 171, 442 S.E.2d 707, 709 (1994)); see also Whitten v. McClelland, 137 Va. 726, 741, 120 S.E. 146, 150 (1923) ("It is a well settled and obviously sound general rule that an objection to evidence cannot be availed of by a party who has, at some other time during the trial, voluntarily elicited the same evidence, *or has permitted it to be brought out by his adversary without objection*." (emphasis added)); Gregory v. Commonwealth, 22 Va. App. 100, 111, 468 S.E.2d 117, 122-23 (1996) ("Although the tipster's statement was inadmissible hearsay, the defendant failed to object to the statement at the time it was offered into evidence. Therefore, the statement was properly before the trial court and was relevant to prove the defendant's guilt." (citations omitted)).

However, I write separately to emphasize that the majority's holding today should not be viewed as an approval of the procedure employed by the Commonwealth in this case. Specifically, on appeal the Commonwealth contends that the NCIC report was properly admitted as an "official record" and, therefore, pursuant to a valid exception to the rule barring hearsay. See Williams v. Commonwealth, 213 Va. 45, 46, 189 S.E.2d 378, 379 (1972) ("It is a generally recognized rule that records and reports prepared by public officials pursuant to a duty imposed by statute, or required by the nature of their offices, are admissible as proof of the facts stated therein. But the mere fact that a record or report qualifies as a public document does not automatically overcome the hearsay objection unless the document relates facts or events within

the personal knowledge and observation of the recording official to which he could testify should he be called as a witness." (citations omitted)); see also Code § 8.01-388 ("The court shall take judicial notice of the contents of all official publications of this Commonwealth and its political subdivisions and agencies required to be published pursuant to the laws thereof, and of all such official publications of other states, of the United States, of other countries, and of the political subdivisions and agencies of each published within those jurisdictions pursuant to the laws thereof."). Nevertheless, the totality of the foundation laid by the prosecutor for admission of the computer printout was Investigator Kristie Siron's testimony that the printout represented Argenbright's "record of prior convictions for similar offenses." No further effort was made by the prosecutor to demonstrate its trustworthiness or reliability, or to demonstrate that the document was an "official record" falling within a recognized exception to the general rule prohibiting the admission of hearsay evidence. Instead, the prosecutor merely stated, in response to Argenbright's narrow objection, "Judge, there is a statute that allows the record to come in." No more specific citation was offered to the trial court, nor, in view of the objection, was there any attempt made by the trial court to determine the requirements for admissibility under *any* statute.

In sum, while I am compelled to concur in the judgment, I must also observe that, in my view, this case represents something less than a shining example of our adversary system of justice.