COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Beales, Alston and Huff
Argued by teleconference

DWAYNE A. FARMER

OPINION BY
JUDGE RANDOLPH A. BEALES

v.        Record No. 1389-12-1

AUGUST 13, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Kurt A. Gilchrist (Kurt A. Gilchrist, P.L.C., on brief), for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Dwayne A. Farmer (appellant) appeals his felony conviction for assault and battery of a

family member, third offense, under Code § 18.2-57.2(B).[1]  Appellant argues that the trial court

erred when it admitted three certified criminal warrants (the November 4, 1997 orders[2]) from the

City of Portsmouth Juvenile and Domestic Relations District Court (JDR court) for the purpose

of proving appellant's predicate misdemeanor convictions for assault and battery of a family

member.  We hold that the trial court did not abuse its discretion when it admitted the November

4, 1997 orders, and, accordingly, we affirm appellant's felony conviction for assault and battery

of a family member for the following reasons.

---

[1] This opinion does not address the sufficiency of the evidence supporting the trial court's
finding that appellant committed assault and battery of a family member on February 14, 2012,
because an appeal was not granted on that assignment of error.

[2] The Commonwealth offered all three certified criminal warrants as "conviction orders"
establishing appellant's predicate convictions under Code § 18.2-57.2.  For purposes of this
appeal, appellant apparently does not contest that these criminal warrants are actually *orders* of
the JDR court – given that the JDR court judge's signature appears on the back page of each
warrant.

## I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth, as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)).

At appellant's bench trial on the charge of assault and battery of a family member (third offense), the Commonwealth asserted that appellant was subject to the felony provision of Code § 18.2-57.2(B)[3] and offered an exhibit that included copies of three criminal warrants that were certified by the clerk of the JDR court. See Code § 16.1-129 (stating that "[e]very offense of which a court not of record is given jurisdiction under this title may be tried upon a warrant"). The front pages of these criminal warrants indicate that appellant was charged with misdemeanor offenses of assault and battery of a family member occurring on August 16, 1997, September 29, 1997, and October 9, 1997, respectively. The back pages of each criminal warrant indicate, *inter alia*, that the JDR court judge "TRIED and FOUND" appellant "guilty as charged" and, on November 4, 1997, sentenced appellant to thirty days in jail for each offense. As noted *supra*, this opinion will refer to these three criminal warrants collectively as "the November 4, 1997 orders."

Pertinent to the issues raised in this appeal, appellant argued in the trial court that the November 4, 1997 orders were "fatally deficient" in two respects – (1) because those orders do not reflect whether appellant pled guilty, not guilty, or *nolo contendere* at his trial in the JDR court on November 4, 1997; and (2) because they do not expressly reflect that he was present in

---

[3] Code § 18.2-57.2(B) states, in pertinent part, "Upon a conviction for assault and battery against a family or household member, where it is alleged in the warrant, petition, information, or indictment on which a person is convicted, that such person has been previously convicted of two offenses against a family or household member of (i) assault and battery against a family or household member in violation of this section . . . within a period of 20 years, and each of which occurred on a different date, such person is guilty of a Class 6 felony."

the JDR court on that date. The circuit court disagreed with appellant's arguments, admitted the November 4, 1997 orders, convicted appellant of felony assault and battery of a family member (third offense), and sentenced appellant to four years imprisonment (with two years and six months suspended).

## II. ANALYSIS

Appellant's assignment of error alleges that the trial court erred when it "admitted certified conviction orders of prior offenses."

> "[E]vidence is admissible if it is both relevant and material," and it is inadmissible if it fails to satisfy these criteria. Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 198, 361 S.E.2d 436, 441, 442 (1987). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "Evidence is material if it relates to a matter properly at issue." Evans-Smith, 5 Va. App. at 196, 361 S.E.2d at 441.

Wood v. Commonwealth, 57 Va. App. 286, 304, 701 S.E.2d 810, 818-19 (2010). "It is well settled that "'[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Id. at 304, 701 S.E.2d at 818 (quoting James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994)).

### A. THE RECORD ESTABLISHES APPELLANT'S PREDICATE CONVICTIONS

"Generally, a judgment in a criminal case may not be attacked collaterally." Morse v. Commonwealth, 6 Va. App. 466, 468, 369 S.E.2d 863, 864 (1988). In a subsequent proceeding, "the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (quoting James, 18 Va. App. at 751, 446 S.E.2d at 903); see Thompson v. Commonwealth, 27 Va. App. 620, 624, 500 S.E.2d 823, 824-25 (1998) (explaining that the

presumption of regularity applies "when a prior order of a court with jurisdiction to hear a matter is collaterally attacked"); see also Parke v. Raley, 506 U.S. 20, 30-31 (1992) (stating that this presumption of regularity is "deeply rooted in [the United States Supreme Court's] jurisprudence" and that a "burden of production" is placed on the party seeking to rebut the presumption of regularity).

Moreover, under settled Virginia law, "[p]rior convictions may be proved by *any* competent evidence." Perez v. Commonwealth, 274 Va. 724, 730, 652 S.E.2d 95, 98 (2007) (emphasis added) (citing Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005)); see also Wilson v. Commonwealth, 40 Va. App. 250, 254, 578 S.E.2d 831, 833 (2003). Evidence is competent for purposes of proving a prior conviction when that evidence requires "[n]o conjecture or surmise . . . to reach [the] conclusion" that the defendant had indeed been convicted of the predicate offense or offenses. Perez, 274 Va. at 730, 652 S.E.2d at 98; cf. Palmer, 269 Va. at 207, 609 S.E.2d at 310 (holding that "[a] court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted"); Overbey v. Commonwealth, 271 Va. 231, 234, 623 S.E.2d 904, 906 (2006) (same).

Conversely, evidence is inadmissible for the purpose of proving a predicate offense when that evidence does not "permit the finder of fact *to make an inference* that the defendant had been convicted of" the required prior offense or offenses. McMillan v. Commonwealth, 277 Va. 11, 22-23, 671 S.E.2d 396, 401 (2009) (emphasis added). Thus, in McMillan, the Supreme Court held that an exhibit offered by the Commonwealth was irrelevant and inadmissible for the purpose of establishing McMillan's prior juvenile *felony* adjudication, explaining:

> The notations on the document captioned "Office Contacts &
> Court Proceedings" were made by an unknown scrivener [from the
> JDR court] and *facts regarding the nature or type of conviction
> cannot be inferred* from the notes. At best, the notes indicate that
> the defendant pled guilty to an offense and that as a disposition,
> McMillan was released from outreach detention. However, *a*

*finder of fact cannot infer from the notes of the unknown scrivener*
that McMillan pled guilty to, or was convicted, of a felony.

Id. at 26-27, 671 S.E.2d at 404 (emphasis added) (footnote omitted).  However, the ambiguity

that rendered the Commonwealth's evidence inadmissible in McMillan certainly does not exist

here.

In this case, at appellant's felony trial for assault and battery of a family member (third

offense) under Code § 18.2-57.2(B), the Commonwealth offered as proof of the required two

misdemeanor predicate offenses *three* November 4, 1997 orders of conviction – all three of

which bear the signature of the JDR court judge and, therefore, reflect the JDR court's judgment

on that date.[4]  See Mwangi v. Commonwealth, 277 Va. 393, 395, 672 S.E.2d 888, 889 (2009)

("In a court-not-of-record, a judge's signature proves the rendition of a judgment.").  The

November 4, 1997 orders plainly indicate that (a) three misdemeanor assault and battery charges

against appellant were actually adjudicated in the JDR court on that date, (b) the JDR court judge

indeed "TRIED and *FOUND*" appellant "*guilty* as charged," and (c) appellant was then

sentenced to thirty days in jail for each offense.  (Emphasis added).  Unlike in McMillan, the

November 4, 1997 orders here were admissible at appellant's felony trial because those orders

certainly "permit [a] finder of fact to make an inference" that appellant was previously *convicted*

in the JDR court on November 4, 1997 of at least two (and actually three) misdemeanor

predicate offenses under Code § 18.2-57.2(B).  McMillan, 277 Va. at 26, 671 S.E.2d at 403-04.

B.  CODE § 19.2-307 DID NOT BAR ADMISSION OF JDR COURT'S ORDERS

We disagree with appellant's argument that the trial court erred in admitting the

November 4, 1997 orders because those orders do not indicate appellant's *plea* in the JDR court.

_____

[4] The record on appeal also contains three "Disposition Notices" that were certified by the clerk of the JDR court.  Although it is unclear whose signature is reflected on these documents, they plainly indicate that appellant was convicted of three offenses of "A & B" under Code § 18.2-57.2 and sentenced to consecutive thirty-day jail terms for those offenses.  Thus, the three "Disposition Notices" are further evidence of appellant's prior convictions.

Appellant relies on Code § 19.2-307, which states, in pertinent part, that a "judgment order shall set forth the plea, the verdict or findings and the adjudication and sentence" that was imposed. From his premise that the November 4, 1997 orders do not satisfy all applicable requirements for a judgment order under Code § 19.2-307, appellant leaps to the overly broad conclusion that the November 4, 1997 orders were wholly inadmissible as evidence of his prior convictions. Essentially, appellant asks this Court to hold that the November 4, 1997 orders were irrelevant for proving appellant's prior convictions – even though they plainly indicate that appellant was (1) tried, (2) *found guilty*, and (3) sentenced in the prior proceeding in the JDR court – simply because those orders do not reflect appellant's *plea* in the JDR court.

The holding that appellant urges this Court to adopt in this appeal would require us to add language to Code § 19.2-307 that the General Assembly did not actually include when it enacted that statute[5] and would also be patently absurd. See Farrakhan v. Commonwealth, 273 Va. 177, 181, 639 S.E.2d 227, 230 (2007) (explaining that an appellate court "must not add to the words of the statute nor ignore the words of the statute"); see also Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942) ("[W]here a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found."). In this case, the factfinder at appellant's felony trial was required to decide whether appellant had *actually been convicted* of the requisite number of misdemeanor predicate offenses. The contents of the November 4, 1997 orders were certainly relevant for that inquiry, and any failure of those orders to reflect appellant's plea in the JDR court was rendered

---

[5] We observe that the plain language of Code § 19.2-307 does not even address the admissibility of evidence. Instead, a different statute, Code § 8.01-389, states that "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as *prima facie* evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record." Appellant has not disputed that the November 4, 1997 orders of the JDR court were properly "authenticated and certified" as required by Code § 8.01-389. See Rule 5A:18.

- 6 -

insignificant because the trial court (acting as factfinder) could properly infer that appellant was, in fact, *convicted* of those misdemeanor predicate offenses in the JDR court.

Furthermore, this Court already has expressly held that a certified criminal warrant reflecting the adjudication of a charge can indeed constitute competent evidence establishing the existence of a prior conviction – *even if* it lacks a hallmark of a judgment order under Code § 19.2-307. See Wilson, 40 Va. App. at 253-54, 578 S.E.2d at 832-33. In Wilson, the criminal warrant offered by the Commonwealth indicated that Wilson had pleaded guilty to a misdemeanor predicate offense in the general district court and had received a sentence for that prior offense – but it "fail[ed] to memorialize a finding of guilt" by the general district court judge. Id. at 253, 578 S.E.2d at 832. However, this Court explained that the evidence of Wilson's guilty plea established "an unequivocal admission of the crime, a self-supplied conviction" – and we also explained that "the resulting sentence comported with the prescribed punishment for the offense, providing additional evidence of the conviction." Id. at 254, 578 S.E.2d at 833. Thus, even though the warrant lacked an aspect of a judgment order because it did not indicate the "verdict or findings" of the general district court, this Court held that the Commonwealth still presented *competent* evidence of Wilson's predicate conviction. Id.[6]

In addition, in Wilson, this Court distinguished our earlier decision in Bellinger v. Commonwealth, 23 Va. App. 471, 477 S.E.2d 779 (1996), where the criminal warrant that was offered as proof of Bellinger's prior conviction "failed, *in every respect*, to satisfy those

---

[6] Here, the Commonwealth offered even *stronger* evidence than the Commonwealth offered in Wilson. In this case, in order to find that appellant was indeed convicted of the predicate offenses in the JDR court, a factfinder was not required to refer to the principle of law that a guilty plea constitutes a self-supplied conviction or infer from the sentence imposed that appellant had indeed previously been convicted. Instead, although the nature of appellant's plea is not reflected, the November 4, 1997 orders (i.e., the criminal warrants here) affirmatively indicate that appellant *was actually convicted* of three misdemeanor violations of Code § 18.2-57.2(B). Therefore, the November 4, 1997 orders *clearly* reflect the JDR court's verdict in the prior proceeding – whereas the criminal warrant at issue in Wilson did not.

requirements" set forth in Code § 19.2-307.  Id. at 475, 477 S.E.2d at 780 (emphasis added).

Significantly, unlike in Wilson – and unlike here – the Commonwealth's evidence in Bellinger

was at most "suggestive of a conviction" and was also "silent as to *the nature* of that conviction."

Id. at 475, 477 S.E.2d at 781 (emphasis added).  Thus, as this Court explained in Bellinger, the

Commonwealth there presented no more than "records of accusation" of a prior offense.  Id.

In this case, however, a factfinder certainly *could* infer from the Commonwealth's

evidence – without resorting to any conjecture – that appellant was indeed convicted of three

offenses of assault and battery of a family member in the JDR court on November 4, 1997.  See

Perez, 274 Va. at 730, 652 S.E.2d at 98.  Accordingly, the November 4, 1997 orders were not

inadmissible simply because the box reflecting appellant's plea was not checked.

C.  NO OTHER BASIS FOR REVERSIBLE ERROR

Appellant also argues that the trial court erred when it admitted the November 4, 1997

orders because he claims that those orders do not reflect whether he was present in the JDR court

on that date.  Again, appellant relies on the fact that a box was not checked on the November 4,

1997 orders.  In this instance, neither the box next to "tried in absence" nor the box next to

"present" is marked.  Thus, the November 4, 1997 orders are silent as to appellant's presence in

the JDR court on that date – but neither those three orders nor any other evidence or testimony

presented at appellant's felony trial establishes that appellant actually was *not* present in the JDR

court on November 4, 1997.  Given that the November 4, 1997 orders impose thirty-day jail

sentences for each offense, we must presume that the JDR court followed the law and did not

sentence appellant to jail time *in absentia*.  See Code § 19.2-237; Ruffin v. Commonwealth, 35

Va. App. 79, 84-85, 542 S.E.2d 808, 810 (2001); see also Crest v. Commonwealth, 40 Va. App.

165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003) (explaining that a "judge is presumed to know the law

and to apply it correctly in each case").

- 8 -

During oral argument before this Court, appellant's counsel also argued that the trial court erred in admitting the November 4, 1997 orders because they fail to establish that appellant was represented by counsel in the JDR court on that date.[7] However, this particular argument has been abandoned for purposes of appeal because it was not raised in appellant's opening brief on appeal. See Rule 5A:20(e) (requiring the opening brief of appellant to contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error"); see also Epps v. Commonwealth, 59 Va. App. 71, 77 n.6, 717 S.E.2d 151, 154 n.6 (2011); Atkins v. Commonwealth, 57 Va. App. 2, 20, 698 S.E.2d 249, 258 (2010).

### III. CONCLUSION

The trial court properly admitted the November 4, 1997 orders of the JDR court as evidence relevant to proving appellant's predicate offenses under Code § 18.2-57.2. Accordingly, for the foregoing reasons, we affirm appellant's felony conviction for assault and battery of a family member (third offense) under Code § 18.2-57.2(B).

<u>Affirmed.</u>

---

[7] We note that the front page of all three certified criminal warrants in this case lists "P.D." as the "Attorney for the Accused" and that the back page of all three criminal warrants assesses a fee for "CT. APPT. ATTY." In addition, the record on appeal in this case also includes a certified document entitled "Request for Appointment of a Lawyer," which is signed both by appellant and by the JDR court judge, and which indicates that the "Public Defender" was appointed to represent appellant, including at the hearing on November 4, 1997, where appellant was tried and convicted of the three misdemeanor predicate offenses under Code § 18.2-57.2.