COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, White and Retired Judge Frank*

CHARLES EDWARD CUBBAGE, JR.

MEMORANDUM OPINION**

v.      Record No. 1420-22-3                          PER CURIAM
                                                      MAY 16, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Tara M. Senn; David L. Parker, P.C., on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; John Beamer, Assistant
Attorney General, on brief), for appellee.


Following a summary proceeding under Code §§ 19.2-303 and 19.2-306, the Rockingham

County Circuit Court found Charles Edward Cubbage, Jr., in violation of the terms and conditions

of his felony probation. The trial court revoked Cubbage's previously suspended sentences of eight

years and five months and resuspended four years and five months, resulting in an active period of

incarceration of four years. On appeal, Cubbage contends that the trial court abused its discretion in

imposing a four-year sentence. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.


---

* Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

** This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In December 2018, Cubbage was charged with felony eluding, in violation of Code § 46.2-817. On June 17, 2019, he pled guilty to that offense and was sentenced to five years in prison, with four years suspended, conditioned upon two years of supervised probation. In June 2020, Cubbage was charged with grand larceny of a motor vehicle, in violation of Code § 18.2-95. He pled guilty to that offense on November 18, 2020, and was sentenced to five years in prison, with four years and five months suspended, conditioned upon two years of supervised probation.

Cubbage's probation officer prepared a major violation report (MVR) on January 31, 2022. The MVR indicated that Cubbage was released from incarceration on May 4, 2021, and reported for orientation, as instructed, on May 17, 2021. At that time, all opening paperwork was completed, including probation conditions, and Cubbage's drug screen results were negative for all illegal substances. Cubbage then missed a scheduled office appointment on August 9, 2021. He reported by telephone on October 16, 2021, because he was sick. He reported to the District 39 office on November 18, 2021, but again said he was sick. He was instructed to complete a report and call his probation officer the following Monday. However, he never called, and his probation officer was unable to contact Cubbage after November 18, 2021.

The MVR further reported that Cubbage was arrested on January 19, 2022, and charged with reckless driving, driving on a revoked license, and felony eluding. His preliminary hearing

was scheduled for March 17, 2022. Cubbage thereafter pled guilty to felony eluding in the trial court and was sentenced to five years in prison, with three years and eight months suspended. According to the Commonwealth's proffer made during the plea colloquy, the evidence would have shown that a sheriff's deputy attempted to detain Cubbage for a traffic infraction, but Cubbage pulled into a driveway, spun his tires, and then reversed back onto the main road, before eluding the deputy in a high-speed chase reaching speeds of over 90 miles per hour with other vehicles on the road, and before losing control and crashing into an embankment. Cubbage then "briefly ran on foot before being caught."[1]

The trial court conducted a probation violation hearing on August 31, 2022. The trial court first entered the MVR and its addenda into evidence and then noted for the record that the probation violation guidelines recommended a range of punishment of six months to one year and six months. The Commonwealth also proffered Cubbage's criminal history for the record.

Cubbage admitted he was in violation of the terms and conditions of his probation. He testified that before receiving his new conviction for eluding, he was performing well on probation and emphasized that he was keeping his appointments, passing his drug screens, successfully maintaining gainful employment, and paying child support for his minor daughter. When asked why the MVR indicated Cubbage had fallen out of contact with the probation officer, he explained that he "thought [he] had contacted her" and that he had been exposed to COVID. Cubbage admitted he was arrested for a new felony eluding offense, but explained that he had gotten into an argument with his girlfriend on the evening before the offense. Also, he and his son "got into a family issue that really bugged" him. He "just was in a bad spot and everything came crashing

---

[1] The Honorable Bruce D. Albertson also presided over the guilty plea hearing on Cubbage's new felony eluding charge and heard the Commonwealth's proffer of the facts.

down as far as family and life issues." He eluded the police because he did not want to be caught driving without a license. It was just a "bad day." Cubbage denied using drugs while on probation.

The trial court noted that the bail checklist for Cubbage's new felony offense said that he was at RMH for observation after swallowing two grams of methamphetamine and inquired if that was not true. Cubbage responded that he went to RMH because he had a heart issue and stated that there "shouldn't be" any record of a positive drug test. Cubbage admitted that he wrecked the vehicle he was driving during the car chase. He also conceded that his criminal history reported at least six prior probation violation events.

The Commonwealth argued that the trial court should deviate above the high end of the guidelines because of Cubbage's "extremely lengthy criminal history that goes back over thirty years" and because his new felony conviction mirrored the same offense for which he was on probation. Cubbage argued that he was performing well on probation during this probationary period and noted that he was "given an extensive sentence on that new eluding charge, in major part because of his prior eluding charge." Cubbage argued that a sentence within the guidelines was appropriate. The trial court found that a "significant departure" from the guidelines was necessary because Cubbage "committed a new dangerous felony" within eight months of being placed on probation. The trial court expressly considered Cubbage's lengthy criminal history, the dangerous nature of his new felony, and the mitigating evidence Cubbage presented at the hearing before revoking his prior sentences and imposing an active four-year period of incarceration. The trial court entered its final revocation order on September 6, 2022. Cubbage noted this appeal.

## STANDARD OF REVIEW

"Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court." *Keeling v. Commonwealth*, 25 Va. App. 312, 315 (1997). We will not reverse a court's decision "unless there is a clear showing of abuse" of that discretion. *Jacobs v. Commonwealth*, 61

Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

> [A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

## ANALYSIS

Cubbage argues that the trial court imposed a sentence that was "entirely too harsh for a first probation violation" and asserts that its sentencing decision was based on its "arbitrary opinion" that Cubbage had "too many prior probation violations on old charges and a similar new conviction that made him a danger to the public on probation." Cubbage does not appear to argue that the trial court failed to consider the appropriate factors. Rather, he contends that the court gave inappropriate weight to the factors it considered. We disagree.

It is well settled that, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the

- 5 -

suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). As in the instant case, if the basis of the revocation "is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). "[E]very act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." *Farmer v. Commonwealth*, 62 Va. App. 285, 290 (2013) (quoting *Nicely v. Commonwealth*, 25 Va. App. 579, 584 (1997)).

In this case, Cubbage was placed on supervised probation for his felony eluding and grand larceny convictions. While on probation, he failed to contact his probation officer after November 18, 2021, and then during that period of noncompliance incurred a new felony eluding offense, in which he led police on a high-speed chase through city streets and ultimately crashed his car. His bail determination sheet indicated that he was under observation for taking methamphetamine. When asked if there would be a record of a positive drug test, Cubbage did not deny it, but only stated, "it shouldn't be, but I don't know." Moreover, Cubbage had a lengthy criminal history dating back thirty years and at least six prior probation violation hearings. The trial court also expressly considered the mitigating evidence Cubbage presented at the hearing, including his age, his work history, the fact that he paid his child support, and his negative drug screens.

The trial court concluded on these facts that a substantial deviation from the recommendation contained within the sentencing guidelines was appropriate. Because the trial court considered all relevant factors and gave the appropriate weight to each one, we are bound by the trial court's decision on appeal. Indeed, "[c]riminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the

context of the entire case." *Id.* Moreover, "[b]arring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). "For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price v. Commonwealth*, 51 Va. App. 443, 449 (2008). Because the trial court's decision to deviate above the guidelines was reasonable and principled under the facts of this case, we leave Cubbage's sentence undisturbed.[2]

It was within the trial court's purview, in determining an appropriate sentence, to consider the mitigating factors Cubbage presented, including his age, his work ethic, his negative drug screens, and his overall positive performance on probation. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). But the court also could consider Cubbage's criminal history, his prior drug use, and the nature of his probation violation—particularly where, as here, he incurred a new conviction for the same offense for which he was on probation. The trial court, having weighed all

---

[2] To the extent that Cubbage argues the trial court's deviation from the sentencing guidelines resulted in a "double counting" of the criteria that "has already been properly accounted for in the guidelines recommendation," the assertion is waived. Cubbage did not make that argument in the trial court. *See* Rule 5A:18. Moreover, "[o]ur sentencing guidelines 'are discretionary, rather than mandatory.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *West v. Dir., Dep't of Corr.*, 273 Va. 56, 65 (2007)). "Accordingly, a circuit court's failure to follow the guidelines is 'not . . . reviewable on appeal.'" *Id.* (quoting Code § 19.2-298.01(F)). "[T]he circuit court was required only to consider the sentencing guidelines before sentencing [Cubbage] and to file with the record of the case a written explanation of any departure from the indicated range of punishment." *West*, 273 Va. at 65 (citing Code § 19.2-298.01(B)). The trial court complied with that requirement.

the circumstances, imposed the sentence it deemed appropriate, and the sentence complies with the prescribed statutory scheme.[3]  Thus, we hold that the trial court did not abuse its discretion.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*

---

[3] Indeed, the statutory maximum sentence for felony eluding is five years.  *See* Code §§ 18.2-10, 46.2-817.  For that charge, the trial court previously imposed a five-year sentence and suspended four years, leaving one year to serve.  The statutory maximum sentence for grand larceny is twenty years.  *See* Code § 18.2-95.  For that charge, the trial court previously imposed a five-year sentence and suspended four years and five months.  After finding Cubbage in violation, the trial court resuspended Cubbage's sentence for grand larceny in its entirety and ordered that the remaining four years of his previously imposed five-year sentence for felony eluding be executed.  Thus, Cubbage's sentence did not exceed the statutory maximums prescribed by either of the two criminal statutes.