COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Causey and Frucci

TERON DANZELL YOUNG

v.       Record No. 1050-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 9, 2025

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph C. Lindsey, Judge

(Katherine D. Currin; Morris, Currin & O'Keefe, P.C., on brief), for
appellant.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.


Teron Danzell Young appeals his convictions, following a bench trial, for carrying a

concealed weapon, second offense, and felony eluding. Young argues that the trial court erred

when it admitted his prior conviction for carrying a concealed weapon, found the evidence

sufficient to support his convictions, and reconsidered its original ruling reducing his felony

eluding to a misdemeanor. Finding no error in the judgment, we affirm the convictions.[1]

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing

party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that
oral argument is unnecessary because "the dispositive issue or issues have been authoritatively
decided, and the appellant has not argued that the case law should be overturned, extended,
modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

On July 4, 2023, Virginia State Trooper Matthew Demoss was patrolling Interstate 264. Trooper Demoss noticed a motorcycle speeding past traffic in his rearview mirror. When the driver, later determined to be Young, passed him, Trooper Demoss activated his emergency lights and sirens for a traffic stop. Young continued to travel for "[s]everal miles" along the interstate before exiting the highway. During the pursuit, Young traveled at 104 miles per hour in a 55 mile per hour zone.[2]

When Young finally stopped, Trooper Demoss pulled in front of the motorcycle, exited his vehicle, and ordered Young to get off the motorcycle. Young raised his hands but did not dismount from the motorcycle, so Trooper Demoss removed Young from the motorcycle and handcuffed him.

When Virginia State Trooper Roosevelt Westbrook arrived, Young was handcuffed on the ground and Trooper Demoss was at his vehicle turning off his sirens. Young asked Trooper Westbrook, "can you come take this gun out of my pocket? I told your shift partner I had a gun in my pocket but he didn't hear me." Trooper Westbrook unzipped Young's right pocket and found the concealed firearm. Young was charged with felony eluding and carrying a concealed weapon, second offense.

At trial, the prosecutor moved to admit Young's prior misdemeanor conviction for carrying a concealed weapon. Young objected, arguing that the court could not accept the prior conviction for enhancement purposes because he "had no attorney and no waiver of rights form

---

[2] Dash camera footage from Trooper Demoss's patrol vehicle was played for the trial court but was not submitted into evidence.

was submitted with the prior conviction." After reviewing the prior misdemeanor carrying a concealed weapon conviction order, the trial court overruled Young's objection.

Both Troopers Demoss and Westbrook then testified to the above facts. The Commonwealth entered a photograph of the seized firearm into evidence. Trooper Demoss testified that he had not seen the firearm before he removed Young from the motorcycle.

At the close of the Commonwealth's evidence, Young moved to strike the charges. He argued that he never lost control of his motorcycle, did not cause an accident, and there were no injuries, thus the court should reduce the felony eluding charge to misdemeanor eluding. He also contended that by forcibly removing him from the motorcycle, Trooper Demoss caused the firearm that was visible in his pocket to fall fully into his pocket. Young also asserted that there was no evidence that the recovered firearm was operable. After taking the arguments under advisement, the trial court denied the motion.

Young presented no evidence and proceeded to closing argument. Young began to argue that the item Trooper Westbrook took from his pocket had not been concealed until he was removed from the motorcycle, but the trial court interjected that "[o]n the issue of the concealed weapon, that's not a hard one for the [c]ourt" and denied the motion. Next, Young argued the court should reduce his felony eluding to a misdemeanor. The court noted that the "scary stuff" it saw in the dash camera footage was done by Trooper Demoss to close the gap with the motorcycle and did not "see things that the motorcycle did that was in the category of what the [c]ourt would consider a felony." The court orally ruled that it would reduce that charge to a misdemeanor. Finally, Young argued that the Commonwealth had failed to prove that the recovered item was an operable firearm. After reviewing relevant case law, the trial court denied Young's motion to strike the concealed firearm charge.

The trial court convicted Young of carrying a concealed weapon, second offense. The court then stated that it found Young guilty of misdemeanor eluding, but "corrected" itself after reviewing the indictment, explaining that it thought Young's arguments concerned reckless driving rather than felony eluding. Consequently, the court convicted Young of felony eluding. The court sentenced Young to 4 years of incarceration, with 2 years and 12 months suspended. Young appeals.

ANALYSIS

I. Admissibility of the Prior Conviction Order

"When reviewing a trial court's decision to admit or exclude evidence, we apply an abuse of discretion standard." *Bista v. Commonwealth*, 303 Va. 354, 370 (2024). "The Commonwealth must prove 'all elements of [the] crime, including prior convictions, beyond a reasonable doubt.'" *Smith v. Commonwealth*, 78 Va. App. 371, 385 (2023) (alteration in original) (quoting *Mwangi v. Commonwealth*, 277 Va. 393, 395 (2009)). "[P]rior convictions may be proved by any competent evidence." *Id.* at 387 (quoting *Farmer v. Commonwealth*, 62 Va. App. 285, 290 (2013)). "Evidence is competent for purposes of proving a prior conviction when that evidence requires '[n]o conjecture or surmise . . . to reach [the] conclusion' that the defendant had indeed been convicted of the predicate offense or offenses." *Farmer*, 62 Va. App. at 290 (alterations in original) (quoting *Perez v. Commonwealth*, 274 Va. 724, 730 (2007)). The Commonwealth satisfies this burden

> when it produces a properly certified conviction from a court of
> competent jurisdiction which appears on its face to be a valid final
> judgment, provided that in all felony cases and those misdemeanor
> proceedings where imprisonment resulted, there is evidence
> establishing that the defendant was represented by or properly
> waived counsel in the earlier criminal proceeding.

*James v. Commonwealth*, 18 Va. App. 746, 752 (1994). A "presumption of regularity . . . attends [a] prior conviction because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" *Farmer*, 62 Va. App. at 289-90 (quoting *Nicely*

- 4 -

*v. Commonwealth*, 25 Va. App. 579, 584 (1997)).  A defendant must offer affirmative evidence to rebut the presumption of regularity, *James*, 18 Va. App. at 752, and may only collaterally attack a prior conviction by arguing there was an actual denial of counsel, *Vester v. Commonwealth*, 42 Va. App. 592, 597 (2004) (citing *Daniels v. United States*, 532 U.S. 374, 378 (2001)).

Young argues that the trial court erred in admitting his 2014 carrying a concealed weapon misdemeanor conviction to enhance his current charge because the Commonwealth failed to prove he knowingly and intelligently waived his constitutional right to counsel during that prior conviction.  Young further argues there was "no assurance that . . . his 2014 plea or conviction would potentially cause him to be a felon in the future."

Here, the face of the summons shows that Young affirmatively waived his right to counsel, pleaded nolo contendere, was found guilty as charged, and was fined $200.  The Hanover County General District Court entered judgment against him on April 4, 2014, and ordered the firearm forfeit.  Young did not receive an active or suspended jail sentence.  Young presented no affirmative evidence to rebut the presumption of regularity and instead offered only a bare assertion that the prior conviction was uncounseled.  Thus, the trial court did not abuse its discretion by admitting evidence of Young's prior conviction.

## II.  Sufficiency of the Evidence

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024).  "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680).  "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it

might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

### A. Carrying a Concealed Weapon

"If any person carries about his person, hidden from common observation, (i) any pistol . . . designed or intended to propel a missile of any kind by action of an explosion of any combustible material[,] . . . he is guilty of a Class 1 misdemeanor." Code § 18.2-308(A). "A second violation . . . shall be punishable as a Class 6 felony." *Id.* "[A] weapon is hidden from common view under Code § 18.2-308(A) when it is 'hidden from all except those with an unusual or exceptional opportunity to view it.'" *Clarke v. Commonwealth*, 32 Va. App. 286, 303 (2000) (alteration in original) (quoting *Winston v. Commonwealth*, 26 Va. App. 746, 756 (1998)).

"The 'reasonable hypothesis of innocence' concept is also well defined. The Commonwealth need exclude only reasonable hypotheses of innocence that 'flow from the evidence itself, and not from the imagination' of the defendant." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor*, 294 Va. at 512). "[M]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Ray v. Commonwealth*, 74 Va. App. 291, 308 (2022) (second

and third alterations in original) (quoting *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017)). Young contends that but for Trooper Demoss forcefully removing him from his motorcycle, the handle of the recovered item could have been visible from his pocket and thus not concealed. By convicting Young, the trial court implicitly rejected Young's hypothesis of innocence—that the firearm was initially visible but then fell further into his pocket when he was removed from his motorcycle—as unreasonable.

Young also argues that the 2014 conviction was inadmissible. He contends that there was no evidence that the recovered item was a firearm within Code § 18.2-308(A). Young further argues that the evidence did not establish that the item retrieved from his pocket was capable of expelling a projectile by means of an explosion.

The evidence established that when Trooper Westbrook arrived, Young told Trooper Westbrook that he had a firearm in his pocket. Thus, Young was aware of the nature and character of the item in his pocket. A photograph of the recovered item was presented to the trial court. A reasonable fact finder could conclude that the recovered item was a firearm and that it was concealed when Trooper Westbrook removed it from Young's pocket. The trial court did not err when it denied Young's motion to strike and convicted him of carrying a concealed weapon, second offense.

### B. Felony Eluding

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

Code § 46.2-817(B). "The object of the endangerment can be the driver himself, the police officer, or anyone else on the road that could be put at risk from the driver's eluding." *Coleman v. Commonwealth*, 52 Va. App. 19, 24 (2008).

Young asserts that the evidence was insufficient to support a felony eluding conviction. He notes that the trial court found no evidence he endangered a law enforcement officer or people when it initially denied his motion to strike the charge. The trial court was not required to make factual findings, and the record supports its judgment. The record established that Young disregarded Trooper Demoss's emergency lights and sirens and continued to drive for two minutes along I-264 at 104 miles per hour. Although Young did not cause an accident, Trooper Demoss had to engage in "scary" driving maneuvers to keep up with Young's driving. Simply because "the exposure to danger does not result in any actual harm is a welcome fortuity, but not a legal defense." *Coleman*, 52 Va. App. at 24. Thus, the trial court did not err in finding that the evidence was sufficient to support Young's felony eluding conviction.

### III. Power to Reconsider Motion to Strike

A court has inherent authority, while it retains subject matter jurisdiction, "to reconsider an erroneous or flawed decision." *Commonwealth v. McBride*, 302 Va. 443, 449 (2023). "The power to decide carries with it the power to reconsider as a necessary adjunct." *Id.* at 449-50. "A court may misspeak, or it may misapprehend the law or the evidence, and on that basis render a flawed ruling on a motion to strike." *Id.* at 450. "When a court has concluded that its earlier ruling on a motion to strike was erroneous or flawed, it may timely reconsider its decision to grant (or deny) a motion to strike, just as it may reconsider other decisions." *Id.*

"Under Virginia law, the circuit court's verbal pronouncement to grant the motion to strike [is] not final." *Id.* at 453. Thus, the trial court "retained the authority to revisit its earlier ruling, so long as doing so did not offend Double Jeopardy." *Id.* "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense.'" *Id.* at 452 (quoting *Stephens v. Commonwealth*, 263 Va. 58, 62 (2002)).

Young argues that the trial court erred when it reconsidered its original ruling reducing his felony eluding to a misdemeanor. He contends that when the court orally granted his initial motion to strike the felony eluding charge, it acquitted him. Thus, he argues, the court violated his double jeopardy rights when it later convicted him of felony eluding. *Id.*

While articulating its findings just after ruling on Young's second motion to strike, the trial court stated that it had "understood counsel's [prior] argument" regarding the eluding charge to concern reckless driving. After reviewing the indictment, however, the court stated that it "[stood] corrected" and convicted Young of felony eluding. *McBride*, 302 Va. at 452. Since the trial court orally denied Young's motion to strike and had not entered a final order, it was free to revisit its earlier ruling. Further, because a final order had not been entered, Young had not yet been acquitted of felony eluding. Thus, the court's reconsideration of its prior ruling did not offend the Double Jeopardy Clause. *Id.* at 452-53.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*