Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Agee, JJ., and Lacy, S.J.

SAMUEL ALVARO PEREZ

v.  Record No. 062231      OPINION BY JUSTICE DONALD W. LEMONS
                                      November 2, 2007
COMMONWEALTH OF VIRGINIA

             FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether an undated order

purporting to be a juvenile adjudication is sufficient to

support the defendant's conviction for possession of a firearm

after having been convicted of a violent felony.  For the

reasons stated below, the judgment of the Court of Appeals

will be affirmed.

             I.  Facts and Proceedings Below

     On September 14, 2004, at around 12:36 am, Stafford

County Sheriff's Deputy Chad Oxley ("Oxley") initiated a

traffic stop of a 1990 Toyota because the license plates were

not illuminated.  The driver would not stop the car, and

during the pursuit Oxley noticed "furtive movements" by the

occupants.  Eventually, the car stopped.  The driver of the

car was Samuel Perez, but he identified himself to Oxley as

Adris Tabibi.

     After issuing a summons for the infraction, Oxley asked

Perez for permission to search him and the car.  Perez agreed.

The occupants of the car stepped out.  Oxley observed a loaded

revolver under the driver's seat, with the barrel facing forward and the handle facing towards the rear of the car.

Upon completion of a criminal history check on "Adris Tabibi," Oxley determined that Tabibi had three prior felony convictions.  Based on that information, Oxley arrested Perez for possession of a firearm by a convicted felon.  Later, while under oath before a magistrate, Perez admitted that his name was Samuel Perez, not Adris Tabibi.

Upon determining that Perez had prior adjudications in the juvenile court for offenses that would have been felonies if he had been an adult, Perez was charged with, among other things, possession of a concealed weapon after having been convicted of a felony and possession of a firearm after having been convicted of a felony, in violation of Code § 18.2–308.2. At trial in the Circuit Court of Stafford County on March 3, 2005, the Commonwealth introduced into evidence two petitions from the "Woodbridge Juvenile and Domestic Relations District Court,"[1] and a disposition order entered by the Fairfax County Juvenile and Domestic Relations District Court.[2]  The record

---

[1] The parties agree that no such court exists, and that the petitions were filed in the Prince William County Juvenile and Domestic Relations District Court.  Furthermore, Perez does not attach any legal significance to the misnomer.

[2] Apparently, after adjudication, the disposition of the charges was transferred to the Fairfax County Juvenile and Domestic Relations District Court.  Such a transfer is authorized by Code § 16.1–243(B)(1).

from the trial court indicates that all three documents were admitted into evidence.

The petitions charged Perez with grand larceny and burglary on June 4, 2001. Both petitions read that the child's name is "Perez, Samuel A." and that his date of birth is "11/07/85." His age at the time of offenses is listed as "15 yrs." The petition charging burglary lists two different case numbers: "74509-03-00" and "JJ305461-12-01." The petition charging larceny also lists two different case numbers: "074509-02-00" and "JJ305461-11-01."

The disposition order shows the defendant's name as "Samuel A. Perez." It lists the type of case as "felony." The findings of the court read "child has been found guilty of 2 counts – B&E + Larceny." The court orders that "child be committed to D.J.J." The order has the case number "074509-02-00" crossed out. Written above that, not crossed out, is the case number "JJ305461 11-01" with "12-01" written directly under "11-01." The order is signed by the judge, but the line for "Date" is blank.

Based in part on this evidence, the jury found Perez guilty of "carrying a concealed weapon after having been convicted of a violent felony" and "possessing or transporting a firearm after having been convicted of a violent felony." On appeal, the Court of Appeals affirmed in part and reversed

in part, finding that Perez's convictions for possession of a firearm and possession of a concealed weapon were predicated on the same act, and that the convictions violated the Double Jeopardy Clause of the Fifth Amendment. The Court of Appeals held by order dated October 3, 2006:

> For reasons stated in writing and filed with the record, the Court is of opinion that there is error in part in the judgment appealed from. As the Commonwealth concedes the dual convictions violate the Double Jeopardy Clause of the Fifth Amendment, one of appellant's two convictions for possession of a firearm after having been convicted of a felony is reversed, the indictment with regard thereto is dismissed, and this matter is remanded to the trial court to modify its sentencing order accordingly.
> Appellant's remaining conviction of possession of a firearm after having been convicted of a felony is affirmed.

The Court of Appeals held that the evidence, including the undated order, was sufficient to establish the fact of Perez's prior convictions. Perez v. Commonwealth, Record No. 1431-05-4, slip op. at 2-4 (October 3, 2006).

We awarded Perez an appeal upon one assignment of error: "An undated order purporting to be a predicate juvenile adjudication is insufficient to support convictions of felony possession of a firearm and felony possession of a concealed firearm."

II. Analysis

4

The standard of review in this case is well-established:

> When analyzing a challenge to the sufficiency
> of the evidence, this Court reviews the
> evidence in the light most favorable to the
> prevailing party at trial and considers any
> reasonable inferences from the facts proved.
> The judgment of the trial court will only be
> reversed upon a showing that it "is plainly
> wrong or without evidence to support it."

Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006) (quoting Code § 8.01-680) (internal citation omitted).

"[W]hen the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." Overbey v. Commonwealth, 271 Va. 231, 234, 623 S.E.2d 904, 905 (2006) (quoting Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005)). Perez argues that the undated order from the Fairfax County Juvenile and Domestic Relations Court was insufficient to prove an element of the offense, namely, Perez's prior conviction for an offense that would be a felony if committed by an adult.

"A court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted." Palmer, 269 Va. at 207, 609 S.E.2d at 310; Overbey, 271 Va. at 234, 623 S.E.2d at 905. In this case, unlike Palmer or Overbey, the fact finder did not have to engage in conjecture

5

or surmise to find the fact of Perez's prior conviction beyond a reasonable doubt.

In Palmer, as in this case, the defendant was charged with possession of a firearm after having been convicted of a delinquent act as a juvenile that would have been a felony if committed by an adult. Palmer, 269 Va. at 205, 609 S.E.2d at 308. To prove the previous conviction, the Commonwealth presented four petitions and accompanying dispositions from the Halifax County Juvenile and Domestic Relations District Court. Two of the petitions alleged that the defendant committed grand larceny; two alleged that the defendant committed burglary. Id., 609 S.E.2d at 309. The record from the juvenile court did not contain any orders providing an adjudication of the charges, but the "disposition order" entered for each charge ordered Palmer to pay restitution and be committed to jail for twelve months, six of which were suspended. Id. at 206, 609 S.E.2d at 309. The trial court found that based on the disposition order, there was no question that Palmer had been convicted of the delinquent acts charged. The Court of Appeals refused Palmer's petition for appeal. On appeal, we reversed, holding that the notation of a sentence was suggestive of a conviction, but did not establish the fact or nature of the conviction. Id. at 208, 609 S.E.2d at 310. The Commonwealth's

6

evidence was not sufficient to establish the prior felony conviction.  Id., 609 S.E.2d at 310-11.

Similarly, in Overbey, the defendant was charged with possession of a firearm by a convicted felon.  Overbey, 271 Va. at 232, 623 S.E.2d at 904.  The Commonwealth introduced as evidence a copy of a petition from the Hampton Juvenile and Domestic Relations District Court, with two pages of notes relating to the proceedings in the juvenile court attached. Id.  The notes showed that Overbey was charged with burglary and petit larceny.  An entry in the notes read "based on the plea of guilty, stipulation & summary of evidence, Ct finds def guilty and refer for PO report."  Id. at 233, 623 S.E.2d at 905.  This Court held that the language of the entry was ambiguous.  The language could be understood to mean that Overbey pled guilty to burglary, petit larceny, or both.  The trial court necessarily had to engage in conjecture and surmise to find that he pled guilty to both.  Id. at 234, 623 S.E.2d at 905-06.  We held, therefore, that the trial court erred in concluding that the Commonwealth proved the element of a prior felony conviction beyond a reasonable doubt.  Id., 623 S.E.2d at 906.

Unlike Palmer and Overbey, the fact finder in this case did not need to engage in conjecture or surmise to find beyond a reasonable doubt that Perez was convicted of a felonious act

prior to September 14, 2004, the date of the possession offense charged. Prior convictions may be proved by any competent evidence. Palmer, 269 Va. at 207, 609 S.E.2d at 310; McBride v. Commonwealth, 24 Va. App. 30, 34, 480 S.E.2d 126, 128 (1997). The two petitions from the juvenile court are adequate proof of the charges. The undated order is adequate proof of conviction of the charges. The case numbers that appear on the petitions and order, as well as the consistent charges and name of the defendant, show that the order is proof of the judgment of conviction in adjudication of the charges in the two petitions. Unlike Palmer and Overbey, the disposition order in this case makes it absolutely clear that a determination of guilt was made for specific offenses. The disposition order states "child has been found guilty of 2 counts – B&E + Larceny."

Perez's birth date is listed on the two petitions as "11/07/85." The petitions also show that he was 15 years old at the time the burglary and larceny occurred. Additionally, the order by itself shows that Perez was a "child" at the time he was convicted, and that he was committed to "D.J.J." (Department of Juvenile Justice). Under Code § 16.1–228, "child" or "juvenile" means a person less than 18 years of age. A person can be committed to D.J.J. only if he or she is a juvenile eleven years or older. Code § 16.1–278.7. It is

8

therefore clear from the face of the petitions and order that Perez was a child under age 18 when he was convicted for the felonies of breaking and entering and larceny.

It is undisputed that the possession offense occurred on September 14, 2004. The jury could have reasonably concluded from the evidence presented that Perez was convicted of an act that would have been a felony if committed by an adult, and that his conviction occurred before the date of the incident in question. No conjecture or surmise is required to reach this conclusion. The totality of the Commonwealth's evidence was sufficient to support Perez's conviction of felony possession of a firearm.

### III. Conclusion

The judgment of the Court of Appeals will be affirmed.

<u>Affirmed.</u>

JUSTICE KOONTZ, dissenting.

I respectfully dissent. In this case, the Commonwealth had the burden to prove beyond a reasonable doubt that Samuel Alvaro Perez was previously convicted for an offense that would be a felony if committed by an adult in order to convict him of possession of a firearm after having been convicted of a felony. See <u>Overbey v. Commonwealth</u>, 271 Va. 231, 234, 623 S.E.2d 904, 905 (2006). In this context, proof beyond a reasonable doubt of this element of the charged offense is

entirely inconsistent with the application of conjecture or surmise to determine the sufficiency of the Commonwealth's evidence to meet its burden of proof.  See Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005).  In my view, even when the Commonwealth's evidence in support of Perez's alleged prior felony convictions is considered in the light most favorable to the Commonwealth, that evidence is insufficient as a matter of law to support the judgment of the trial court and the judgment of the Court of Appeals affirming that judgment.  Code § 8.01-680.

Initially, it is to be noted that there is no "Woodbridge Juvenile and Domestic Relations District Court" and there was no such court on June 4, 2001, when the two petitions charging Perez with burglary and grand larceny were purportedly filed in that "court."  Perhaps these petitions were actually filed in the Prince William County Juvenile and Domestic Relations District Court.  Conjecture, surmise, and the apparent agreement by the parties noted by the majority would support that conclusion even though the record evidence before the trial court does not.  Perhaps, however, this glaring error was discovered by the appropriate court and the petitions were dismissed.  In any event, there is no adjudicatory order regarding those petitions entered by either the "Woodbridge"

10

court or the Prince William County court in the record. Perhaps such an order was entered; perhaps it was not.

Nevertheless, without an evidentiary basis, the Commonwealth presented what purports to be a <u>dispositional order</u> entered on some unknown date, because it is not dated, by the Fairfax County Juvenile and Domestic Relations District Court. There is no explanation in the record of the evidence before the trial court for the jurisdiction of this juvenile court in this matter. Assuming that Perez resided in Fairfax County at the time, Code § 16.1-243(B)(1) would have permitted the transfer of the case to the Fairfax County court "only after adjudication in [the] delinquency proceedings."

Moreover, this purported order does not reflect the basis upon which the Fairfax County court found that "[Perez] has been found guilty of 2 counts – B & E + larceny." As previously noted, there is no adjudicatory order in the record entered by any juvenile court. Perhaps the "Woodbridge" court or the Prince William County court made such an adjudication. Clearly the defective petitions are not self-executing adjudications of guilt. Perhaps the Fairfax County court upon reflection recognized the defect in the petitions and did not date the dispositional order so that it would not be effective until the matter was considered further and resolved. Without conjecture or surmise, all that can be reasonably gleaned from

11

the Commonwealth's evidence is that the petitions and the dispositional order pertain to felonies alleged to have been committed by Perez prior to his possession of a firearm on September 14, 2004.  That evidence, however, falls far short of proof beyond a reasonable doubt that Perez was actually convicted of those felonies.

The majority does not reach the issue whether an undated order is a valid order, and as far as I can determine we have not previously addressed that issue in prior decisions. Because the absence of a date on the pertinent order in this case may have been intentional for a number of reasons and, thus, not intended to be a final order, I need not address the issue in detail here.  Suffice it to say, that in my view an undated order is not a valid order because such an order leaves to conjecture and surmise when, if at all, it is intended to be effective.

For these reasons, I would hold that the judgment of the Circuit Court of Stafford County was in error as a matter of law and, accordingly, I would reverse the judgment of the Court of Appeals affirming that judgment.