COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


FREDERICK C. MWANGI

                                                        OPINION BY
v.        Record No. 1146-07-4        JUDGE ELIZABETH A. McCLANAHAN
                                                        APRIL 15, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

Ryan Campbell, Assistant Public Defender, for appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Mwangi appeals from his conviction of driving under the influence, third conviction within

five years.  He argues that the evidence was insufficient to convict him because proof of one of the

predicate prior convictions was an unsigned order of conviction from the City of Alexandria

General District Court.  He argues the order was inadmissible and invalid.  We affirm the trial court.

I.  BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "'discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences that may be drawn therefrom.'"  Kelly v. Commonwealth, 41 Va. App. 250,

254, 584 S.E.2d 444, 446 (2003) (en banc) (quoting Watkins v. Commonwealth, 26 Va. App.

335, 348, 494 S.E.2d 859, 866 (1998)).

So viewed, City of Alexandria Police Detective Tara May stopped Mwangi in Alexandria on suspicion of driving while intoxicated. During her investigation she discovered Mwangi's driver's license was suspended and there was a warrant out for his arrest for failure to comply with VASAP (Virginia Alcohol Safety Action Program). Mwangi also told her he had been previously arrested for drunk driving at an intersection located about four blocks away.

Detective May arrested Mwangi on the outstanding warrant. He was subsequently arrested for driving under the influence, third offense. At his bench trial, the Commonwealth placed into evidence a copy of Mwangi's DMV transcript that indicated he twice had been convicted of driving under the influence within the previous five-year period. Although Mwangi objected to its admission, his objection was not based on the validity of the convictions.

The Commonwealth also introduced records from the Arlington County General District Court and the City of Alexandria General District Court that showed Mwangi was previously found guilty of driving under the influence on the dates indicated on the DMV transcript. Mwangi objected to the introduction of the record from the Alexandria General District Court on the ground there was no signature by the judge on that record.[1] The record was a Virginia Uniform Summons naming Mwangi as the accused and indicating the accused was present on the day of the hearing, pled guilty, was tried, and found guilty as charged. A fine of $300 and a sentence of 180 days, with 170 days suspended, was imposed. Mwangi was ordered to VASAP, and his license was suspended for 12 months. The summons also indicated Mwangi would report to jail on July 22, 2005 and owe various specified fees to be paid in $10 increments. The summons was dated July 15, 2005. There was no signature on the line above "Judge." Stamped on the document was the following:

---

[1] Mwangi also objected to the Arlington County record but on different grounds. The admission of that record is not raised on appeal.

Alexandria General District Court
A TRUE COPY
Authenticated and certified from the official records
Preserved in this court.
Margaret N. French, Clerk
By: Marion Jackson, Deputy Clerk

Mwangi argued at trial that the summons was not admissible because it was not signed and therefore, invalid. The trial court allowed introduction of the summons finding there was sufficient circumstantial evidence that he was convicted but later invited counsel to submit legal memoranda on the issue of whether the order was of any effect and what other evidence there was to substantiate the prior conviction. The trial court later reaffirmed its position that there was sufficient evidence that Mwangi was convicted of the Alexandria charge.

## II.  ANALYSIS

Mwangi argues the trial court erred in admitting the summons and in finding Mwangi guilty beyond a reasonable doubt of driving under the influence, third conviction within five years.

### A.  Admission of Unsigned Order

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

We reject Mwangi's argument that the Alexandria record was inadmissible. Pursuant to Code § 8.01-389(A), the "records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record." The Alexandria record was authenticated and certified by the clerk, and the stamp bears the signature of the deputy clerk. As we held in Seaton v. Commonwealth, 42 Va. App. 739, 595 S.E.2d 9 (2004), records of judicial proceedings that are properly authenticated are admissible

- 3 -

into evidence regardless of whether a judge's signature appears on them. Id. at 756, 595 S.E.2d at 17 (holding orders showing prior convictions properly admissible despite absence of judge's signature). Thus, the record was admissible and provided not only permissible evidence of the conviction but *prima facie* evidence of the conviction.

Mwangi attempts to distinguish Seaton by pointing out the Court presumed in that case that the clerk complied with Code § 17.1-123 providing for the signing of orders and order books. In making that presumption, Mwangi argues the Court in Seaton "effectively found that the order or order book had been signed." However, the Court made this presumption in response to Seaton's argument that the clerk failed to comply with Code § 17.1-123. As we noted in Seaton, that statute does not address admissibility of judicial records and compliance with that section is not an issue in this case. As Mwangi concedes, there is no parallel statute for general district court records. Code § 19.2-307 requires "a court not of record . . . to memorialize its judgment by setting forth '[the] plea, [the court's] verdict or findings and the adjudication and sentence.'" McBride v. Commonwealth, 24 Va. App. 30, 34-35, 480 S.E.2d 126, 128 (1997) (quoting Code § 19.2-307). The Alexandria conviction record clearly showed the plea of guilty, the finding of guilty, and the sentence and, thus, satisfied these requirements.

## B. Validity of Conviction

Mwangi argues the Alexandria conviction record was incompetent and invalid because there was no signature by the judge. This argument ignores the distinction between the rendition of judgment and the act of memorializing by the judge.

> "A judgment is the determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding. A written order or decree endorsed by the judge is but evidence of what the court has decided. . . . *Judgments and decrees duly pronounced are entitled to record, and the failure of the judge to sign the record after their entry thereon is generally regarded as insufficient to impair their validity or effect.*"

Rollins v. Bazile, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964) (emphasis added) (quoting

Haskins v. Haskins, 185 Va. 1001, 1012, 41 S.E.2d 25, 31 (1947)).  "Since the purpose of the

signature of the judge to the memorandum of a judgment is merely to give the clerk a surer

means of correctly entering that which has been adjudged, the absence of such signature does not

invalidate the judgment rendered."  Id. at 617-18, 139 S.E.2d at 117-18 (holding the failure of

the judge to affix his signature to the memorandum of the judgment and the order book did not

invalidate the judgment).  Therefore, the failure of the judge to sign the conviction record in

Alexandria did not render the conviction itself invalid.

Mwangi also argues Rollins is not controlling because although the judge failed to affix

his signature to the order or order book after finding the defendant in contempt of court,

eventually the judge affixed his signature to the order at a new term of court.  However, the fact

that the judge later signed the order was not the basis of the Court's ruling that the order was

valid on the day it was rendered.  The Court's point in Rollins was that judgment was entered on

the day it was pronounced and the court's signature was not necessary to render a valid

judgment.  Rollins argued that the judge's endorsement beyond the term of court in which the

order was entered violated due process.  The Court disagreed and rejected Rollins' argument that

prior to the signing of the order, there was nothing pertaining to his case that could be the subject

of appellate review.

Furthermore, it is well established that "[p]rior convictions may be proved by any

competent evidence."  Perez v. Commonwealth, 274 Va. 724, 730, 652 S.E.2d 95, 98 (2007).

Code § 19.2-295.1 provides that "the Commonwealth shall present the defendant's prior criminal

convictions by certified, attested or exemplified copies of the record of conviction."  The statute

does not require a final order signed by the trial judge, Folson v. Commonwealth, 23 Va. App.

521, 525, 478 S.E.2d 316, 318 (1996), or that the record of conviction bear the signature of the

sentencing judge, <u>Seaton</u>, 42 Va. App. at 755-56, 595 S.E.2d at 17. Therefore, the Alexandria conviction order was competent evidence for the trial court to consider as evidence of Mwangi's prior conviction.

## C. Sufficiency of Evidence

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." <u>Saunders v. Commonwealth</u>, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation and internal quotations marks omitted). "[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." <u>Hunley v. Commonwealth</u>, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

Considering "the totality of the Commonwealth's evidence," <u>Perez</u>, 274 Va. at 730, 652 S.E.2d at 98, the trial court could have reasonably concluded that Mwangi was convicted of driving under the influence in Alexandria General District Court. The Alexandria summons contained the necessary requirements for a criminal judgment order. The conviction order shows Mwangi appeared, pled guilty, was tried and found guilty, and was sentenced. He was ordered to VASAP, and his license was suspended for twelve months. The conviction order also shows he was to report to jail in a week and pay various stated fines. The order was dated July 15, 2005, the same date reflected in the DMV transcript for the conviction on this offense. The DMV record also reflects that Mwangi was present on the date of his conviction and his license was suspended for twelve months. When Mwangi was arrested by Detective May, he admitted to having been previously arrested in Alexandria for driving under the influence and a warrant was outstanding for his arrest on charges of failure to comply with VASAP. We have held that a DMV transcript alone constitutes *prima facie* proof of the convictions listed therein. <u>Dicker v. Commonwealth</u>, 22 Va. App. 658, 472 S.E.2d 655 (1996). The Alexandria conviction order also constituted *prima facie* proof of that conviction. <u>See</u> Section A, *supra.* Mwangi did not present

any evidence to prove he was not convicted in Alexandria[2] and, therefore, failed to rebut the Commonwealth's *prima facie* proof of the requisite conviction. See Dicker, 22 Va. App. 658, 472 S.E.2d 655. Accordingly, the evidence was sufficient to prove the Alexandria conviction.

### D. Sentencing Order

The Commonwealth filed a motion pursuant to Code § 8.01-428(B) to correct the sentencing order asserting that no sentence for driving after forfeiture of license is either mentioned or memorialized in the order. At the sentencing hearing, the trial court fixed Mwangi's punishment for driving under the influence, third conviction at two years and for driving on a suspended license at six months noting that "[b]oth sentences shall run concurrent with each other but consecutive to any other offense." The sentencing order reflects both sentences but imposes a total sentence of two years. Because the total sentence imposed was two years and six months, we grant leave to permit the trial court to correct this error in the April 27, 2007 sentencing order as follows: "The total sentence imposed is 2 years and six months."

For the foregoing reasons, the judgment of the trial court is affirmed and the motion to correct the sentencing order is granted.

Affirmed.

---

[2] Mwangi did not argue at trial that the Alexandria order should be admitted to rebut the DMV transcript. In fact, he sought to exclude it.