PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons and Goodwyn, JJ., and Stephenson, S.J.

FREDERICK C. MWANGI

OPINION BY
v. Record No. 081065    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
February 27, 2009
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The dispositive issue in this appeal is whether the Court of Appeals erred in affirming a conviction for driving under the influence, third offense, "where the Commonwealth's proof of recidivism relies on a purported order from a general district court which was never endorsed by a judge."

Frederick C. Mwangi was tried without a jury in the Circuit Court of the City of Alexandria. The court found him guilty of driving under the influence (DUI), in violation of Code § 18.2-266. Mwangi, found to have been convicted of DUI twice before within a five-year period, was sentenced, in accordance with Code § 18.2-270(C)(1), to two years in prison with all but six months suspended.

Mwangi appealed his conviction to the Court of Appeals of Virginia. The Court of Appeals affirmed Mwangi's conviction, Mwangi v. Commonwealth, 51 Va. App. 498, 507, 659 S.E.2d 519, 524 (2008), and we awarded him this appeal.

At trial, the Commonwealth sought to simultaneously introduce three exhibits as evidence of Mwangi's prior DUI

convictions, and the trial court admitted the exhibits over Mwangi's objections. One of those exhibits, Exhibit 1, is a transcript from the Department of Motor Vehicles (DMV) showing that Mwangi had been convicted of DUI in the General District Court of the County of Arlington on April 22, 2005, as well as a purported DUI conviction in the City of Alexandria. Another of those exhibits, Exhibit 3, is a summons that purports to show that Mwangi had been convicted of DUI in the Alexandria General District Court. The summons indicates that the alleged offense occurred on January 21, 2005, and that Mwangi appeared in the general district court, represented by counsel, on July 15, 2005. The summons also indicates that Mwangi entered a guilty plea, was tried and found guilty as charged, and was fined and sentenced to a jail term. The summons, however, is not signed by a judge.

Mwangi contends that the trial court erred in convicting him of DUI, third offense, because Exhibit 3, the purported DUI conviction order, is not endorsed by a judge and, thus, "is no order at all." The Commonwealth contends that, given the information on the summons and the fact that the general district court clerk forwarded an abstract of the conviction to the DMV, there was sufficient evidence to prove the conviction despite the absence of the judge's signature on the summons.

The Commonwealth has the burden of proving all elements of a crime, including prior convictions, beyond a reasonable doubt. Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005). In a court-not-of-record, a judge's signature proves the rendition of a judgment. We have stated that "[t]he purported disposition on the back of [a] warrant is not an order because it is not signed by the judge." Moreau v. Fuller, 276 Va. 127, 137, 661 S.E.2d 841, 847 (2008).

We conclude that the trial court erred in holding that the evidence was sufficient to prove the prior DUI conviction in Alexandria, which is an element of the felony offense described in Code § 18.2-270(C)(1). While the DMV transcript was admissible in evidence to prove prior convictions, the Commonwealth's Exhibit 3 rebutted the evidence as to the Alexandria conviction. The Commonwealth, therefore, failed to prove that Mwangi had been twice before convicted of DUI. It follows, then, that the Court of Appeals erred in affirming Mwangi's conviction.

Accordingly, we will reverse the judgment of the Court of Appeals, vacate the trial court's judgment, and remand the case to the Court of Appeals with direction that the Court of Appeals remand the case to the trial court for a new trial on the lesser-included misdemeanor charge if the Commonwealth be so advised.

Reversed and remanded.