COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Decker, Russell and Senior Judge Felton
Argued at Norfolk, Virginia


CARY DANIEL PARSONS

MEMORANDUM OPINION[*] BY
v.     Record No. 0269-15-1     JUDGE WESLEY G. RUSSELL, JR.
APRIL 12, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

Afshin Farashahi (Afshin Farashahi, P.C., on brief), for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Cary Daniel Parsons, appellant, was convicted in a bench trial of driving under the

influence (DUI) in violation of Code § 18.2-266. Because the trial court concluded from the

evidence that this was appellant's third DUI conviction in a ten-year period, it sentenced him

pursuant to the provisions of Code § 18.2-270(C)(1). Appellant argues that the trial court erred

in concluding that the evidence was sufficient to establish one of the two prior convictions upon

which the Commonwealth relied. We disagree and affirm.

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below." Smallwood

v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v.

Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). This principle requires us to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis, citation, and internal quotation marks omitted).

In the face of overwhelming evidence,[1] appellant does not challenge the conviction for driving under the influence on January 6, 2014. Similarly, he does not contest that he was convicted of DUI on May 13, 2008, for an offense that occurred in the City of Virginia Beach on March 15, 2008.[2] Rather, he argues that the evidence was insufficient to establish the other prior DUI conviction.

To prove the existence of the disputed prior conviction, the Commonwealth introduced a certified copy of an arrest warrant and conviction order from the Essex County General District Court. That document provides that on or about April 9, 2005, appellant was charged with DUI in violation of Code § 18.2-266. It further indicates that, on June 2, 2005, appellant appeared in the Essex County General District Court, where he was represented by counsel, pled guilty to violating Code § 18.2-266, and was convicted by the court of that offense. Additionally, the sentence imposed is consistent with a sentence imposed for violating Code § 18.2-266.[3]

---

[1] The evidence demonstrated that appellant had a blood alcohol content (BAC) of 0.32, failed multiple field sobriety tests, and said to the investigating officer: "I'm admitting to screwing up. Just arrest me for DUI."

[2] Appellant notes that the warrant underlying the May 13, 2008 conviction originally provided that "[t]he accused committed this offense within less than five years after having committed one prior violation of § 18.2-266 . . . ." This part of the warrant was stricken, and the May 13, 2008 trial proceeded as if appellant had not been previously convicted of DUI.

[3] During argument, the parties acknowledged that the sentence imposed in the June 2005 conviction order is not consistent with a conviction for violating Code § 18.2-266.1 as it existed in 2005.

In addition to the 2005 arrest warrant and conviction order, the Commonwealth introduced appellant's "Transcript of Driver History" provided by DMV. The DMV transcript references appellant's June 2, 2005 conviction for DUI in violation of Code § 18.2-266 for an incident that occurred on April 9, 2005.

Appellant does not challenge that the documents introduced by the Commonwealth contain such entries. Rather, he asserts that the accuracy of the documents is called into question by other evidence. Specifically, he contends that certain documents he introduced at trial support a conclusion that he was not charged with and convicted of violating Code § 18.2-266 for the April 2005 incident, but rather was charged with and convicted of a violation of Code § 18.2-266.1.[4]

He first presented a Virginia uniform summons that commanded appellant to appear before the Essex County General District Court to answer a charge of underage DUI in violation of Code § 18.2-266.1. The summons indicates an offense date of April 9, 2005.

Appellant also introduced a printout from the General District Court Online Case Information System that indicates he was charged with a violation of Code § 18.2-266.1 for an offense occurring on April 9, 2005. The printout notes that the case was concluded on June 2, 2005, and that appellant was found guilty. The printout does not specify the offense for which appellant was convicted, but only contains an entry reading "FINAL DISPOSITION: Guilty."

---

[4] Code § 18.2-266.1(A) provides:

> It shall be unlawful for any person under the age of 21 to operate any motor vehicle after illegally consuming alcohol. Any such person with a blood alcohol concentration of 0.02 percent or more by weight by volume or 0.02 grams or more per 210 liters of breath but less than 0.08 by weight by volume or less than 0.08 grams per 210 liters of breath as indicated by a chemical test administered as provided in this article shall be in violation of this section.

Finally, appellant introduced a show cause summons, dated April 25, 2006, ordering appellant to appear and show cause why he should not be held in contempt for failure to successfully complete the VASAP program in violation of Code § 18.2-271.1. The summons indicates that the underlying charge is "OPERATE VEHICLE W/ BAC OF .02," which is the minimum BAC level necessary to establish a violation of Code § 18.2-266.1.

Appellant argued at trial that the documents he introduced called into question whether he had been charged with and convicted of violating Code § 18.2-266, which would permit the trial court in 2014 to find that he had two prior DUI convictions in a ten-year period, or Code § 18.2-266.1, which cannot serve as a predicate conviction for sentence enhancement under Code § 18.2-270(C)(1).[5] The trial court acknowledged the documents introduced by appellant, but nevertheless found that the Commonwealth's exhibits established, beyond a reasonable doubt, that appellant was convicted of DUI in violation of Code § 18.2-266 in 2005. The court specifically noted that the arrest warrant/conviction order introduced by the Commonwealth "is the appropriate measure since it is the true record of the court of what actually took place . . . ." Accordingly, the trial court found appellant guilty of DUI, found that it was his third conviction in a ten-year period, and sentenced him pursuant to Code § 18.2-270(C)(1).

This appeal followed.

---

[5] Code § 18.2-270(C)(1) provides:

> Any person convicted of three offenses of § 18.2-266 committed within a 10-year period shall upon conviction of the third offense be guilty of a Class 6 felony. The sentence of any person convicted of three offenses of § 18.2-266 committed within a 10-year period shall include a mandatory minimum sentence of 90 days, unless the three offenses were committed within a five-year period, in which case the sentence shall include a mandatory minimum sentence of confinement for six months. In addition, such person shall be fined a mandatory minimum fine of $1,000.

ANALYSIS

Appellant's contention, that there was sufficient doubt raised as to the accuracy of the arrest warrant/conviction order relied upon by the trial court to raise a reasonable doubt as to his guilt, is a challenge to the sufficiency of the evidence. As noted above, we review the evidence in the light most favorable to the Commonwealth, the prevailing party below, and grant it all reasonable inferences from the evidence. Parks, 221 Va. at 498, 270 S.E.2d at 759. We "will reverse a judgment of the circuit court only upon a showing that it is plainly wrong or without evidence to support it." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009) (citation omitted). See also Code § 8.01-680.

Because appellant challenges neither his current conviction nor his 2008 DUI conviction, the sole issue raised in his appeal is whether there was sufficient evidence to allow the trial court to conclude that appellant had been convicted for a violation of Code § 18.2-266 in 2005. We find that there was.

Although the Commonwealth had the burden of proving the 2005 conviction beyond a reasonable doubt, it was permitted to prove the prior conviction by any competent evidence. Perez v. Commonwealth, 274 Va. 724, 730, 652 S.E.2d 95, 98 (2007). In most instances, "[t]he most efficient way to prove the prior . . . conviction is to offer in evidence an authenticated copy of the prior order of conviction." Essex v. Commonwealth, 18 Va. App. 168, 171, 442 S.E.2d 707, 709 (1994).

The Commonwealth's burden is satisfied when it

> produces a properly certified conviction from a court of competent
> jurisdiction which appears on its face to be a valid final judgment,
> provided that in all felony cases and those misdemeanor
> proceedings where imprisonment resulted, there is evidence
> establishing that the defendant was represented by or properly
> waived counsel in the earlier criminal proceeding. Upon such a
> showing by the [Commonwealth] the doctrine of presumption of
> regularity is then applied, and unless the defendant presents

> credible evidence that there is some constitutional infirmity in the judgment it must stand.

James v. Commonwealth, 18 Va. App. 746, 752, 446 S.E.2d 900, 904 (1994) (internal quotation marks and citations omitted) (alteration in original).  See also Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005) (holding that "a court's orders are presumed to accurately reflect what actually transpired . . ." (citations omitted)); Farmer v. Commonwealth, 62 Va. App. 285, 289-90, 746 S.E.2d 504, 506 (2013) ("In a subsequent proceeding, the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." (internal quotation marks and citations omitted)).

Here, the Commonwealth did exactly that:  it adduced an attested copy of the 2005 conviction order that had been signed by the judge.[6]  On its face, the order establishes that, in 2005, appellant, represented by counsel, appeared before the Essex County General District Court and pled guilty to a charge of DUI in violation of Code § 18.2-266.  The judge's signature confirms that the trial court accepted his plea to that charge.  Thus, the conviction order demonstrates that appellant was convicted of DUI in 2005.[7]

---

[6] "In a court not-of-record, a judge's signature proves the rendition of a judgment." Mwangi v. Commonwealth, 277 Va. 393, 395, 672 S.E.2d 888, 889 (2009).

[7] That an initial charging document may differ from the ultimate conviction order is not unusual.  When such discrepancies are brought to light in recidivism cases, it is clear that the order and not the charging document controls.  Palmer, 269 Va. at 207-08, 609 S.E.2d at 309-10.

Assuming without deciding that appellant's argument is not an impermissible collateral attack on the 2005 conviction,[8] we find the evidence he offered to undermine the factfinder's reliance on the 2005 conviction order and the Commonwealth's other supporting evidence did not require the trial court to reach a different result. On the most basic level, none of the documents offered by appellant are, or even purport to be, conviction orders. Because the conviction order is the dispositive document to determine the crime of conviction, the factfinder was not required to allow these other documents to supplant it.

Furthermore, as noted above, the express recitation on the conviction order that the conviction was for a violation of Code § 18.2-266 was not the only evidence supporting the trial court's conclusion. Appellant concedes that the sentence imposed in 2005 was consistent with a violation of Code § 18.2-266 and inconsistent with a violation of Code §18.2-266.1 as that statute existed in 2005. Thus, the sentencing information buttressed the trial court's conclusion that the reference to Code § 18.2-266 on the face of the conviction order was not a scrivener's error. Additionally, the DMV transcript, which states that the conviction was for a violation of Code § 18.2-266, provided further support for the trial court's conclusion.

In arguing that not all purported conviction orders are sufficient to establish a conviction for a predicate offense, appellant relies heavily on the Virginia Supreme Court's decisions in Palmer and Mwangi v. Commonwealth, 277 Va. 393, 672 S.E.2d 888 (2009). Each case is readily distinguishable.

In Palmer, the defendant was charged with "possession of a firearm when he was under the age of 29, after having been convicted of a delinquent act that would have been a felony if

---

[8] Collateral attacks on prior court judgments are disfavored, especially in the context of recidivist statutes. Citing decisions of the United States Supreme Court, we held in Vester v. Commonwealth, 42 Va. App. 592, 597, 593 S.E.2d 551, 553 (2004) (citations omitted), that "the right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes is limited to the *actual* denial of counsel."

committed by an adult, in violation of Code § 18.2-308.2." 269 Va. at 205, 609 S.E.2d at 309. The Commonwealth sought to prove that Palmer had been declared delinquent for an act that would have been a felony if committed by an adult by offering in evidence "four petitions and accompanying disposition orders from the Halifax County Juvenile and Domestic Relations District Court . . . ." Id. Although the petitions referenced criminal behavior that would have constituted a felony if committed by an adult, the records did not "contain any orders providing an adjudication of the four charges." Id. at 206, 609 S.E.2d at 309. The disposition orders referenced sentences received by Palmer; however, the orders did not reflect that he had been convicted of the initial charges as opposed to reduced charges that might have been misdemeanors. Id. at 206-08, 609 S.E.2d at 309-10. The Court reversed Palmer's conviction, stating that "[b]ecause we are unable to determine the nature of the delinquent acts for which Palmer was sentenced . . . , we hold that the Commonwealth did not present sufficient evidence . . . to establish that Palmer previously had been convicted of a delinquent act that would have been a felony if committed by an adult." Id. at 208, 609 S.E.2d at 310.

In short, the Palmer Court held that disposition orders that do not expressly reference the criminal offense do not establish the offense for which a defendant has been convicted (or adjudicated delinquent). The 2005 conviction order in this case suffers from no such infirmity; it expressly provides that appellant was convicted for violating Code § 18.2-266, and thus, provided a reasonable basis for the trial court's conclusion.

In Mwangi, the defendant was charged with "driving under the influence (DUI), in violation of Code § 18.2-266 . . . [after having been] found to have been convicted of DUI twice before within a five-year period." 277 Va. at 394, 672 S.E.2d at 889. As proof of one of the prior convictions, the Commonwealth offered as evidence a summons. The summons indicated that, regarding a charge of violating Code § 18.2-266, "Mwangi appeared in the general district

- 8 -

court, represented by counsel, on July 15, 2005 . . . entered a guilty plea, was tried and found guilty as charged . . . ." Id. at 395, 672 S.E.2d at 889. The summons was "not signed by a judge." Id.

Mwangi argued that the failure of the general district court judge to sign the summons/disposition meant that the summons was "'no order at all.'" Id. Recognizing that "[t]he purported disposition on the back of [a] warrant is not an order because it is not signed by the judge . . . ," the Court held that not only did the summons not establish the prior conviction, it established that the conviction had not occurred. Id. at 395, 672 S.E.2d at 889-90 (internal quotation marks and citation omitted).

Properly understood, Mwangi stands for the unremarkable proposition that no conviction obtains until a judge enters a conviction order. Absent a judge's signature, no order has been entered, and thus, no conviction has occurred. Given that there is no dispute that the general district court judge signed the 2005 conviction order in this case, the 2005 order provides a sufficient evidentiary basis for the trial court's conclusion regarding appellant's prior convictions.

In short, the 2005 conviction order and the other supporting evidence provided the trial court, acting as factfinder, a sufficient basis for concluding beyond a reasonable doubt that appellant, in fact, had been convicted of DUI in 2005. As such, we cannot say that the trial court's decision was "plainly wrong or without evidence to support it." Singleton, 278 Va. at 548, 685 S.E.2d at 671. Accordingly, we affirm the appellant's conviction and resulting sentence.

CONCLUSION

Based on the evidence presented, the trial court reasonably could conclude beyond a reasonable doubt that appellant had two prior DUI convictions in the preceding ten years.

Accordingly, we affirm his conviction and the resultant sentence imposed pursuant to Code

§ 18.2-270(C)(1).

Affirmed.