COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:  Judges Petty, Alston and Russell
Argued at Richmond, Virginia

CHARLES C. GIRARD, S/K/A
 CHARLES CORNELL GIRARD

                                                    OPINION BY
v.      Record No. 0397-15-2              JUDGE ROSSIE D. ALSTON, JR.
                                                    APRIL 12, 2016

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF KING WILLIAM COUNTY
                         Thomas B. Hoover, Judge

         Reginald M. Barley for appellant.

         Virginia B. Theisen, Assistant Attorney General (Mark R. Herring,
         Attorney General, on brief), for appellee.


       Charles C. Girard ("appellant") appeals his conviction for possession of a firearm by a

convicted felon.  Appellant argues that the trial court erred in ruling that the certificate of

disposition was sufficient to prove beyond a reasonable doubt that appellant was a convicted

felon.  We disagree and affirm the decision of the trial court.

                                    BACKGROUND

       On August 4, 2014, appellant was indicted on one count of possession of a firearm after

having been convicted of a felony in violation of Code § 18.2-308.2.[1]  On May 6, 2015, appellant

_____

       [1] Code § 18.2-308.2 provides in relevant part:

              A. It shall be unlawful for (i) any person who has been convicted
              of a felony; . . . whether such conviction or adjudication occurred
              under the laws of the Commonwealth, or any other state, the
              District of Columbia, the United States or any territory thereof, to
              knowingly and intentionally possess or transport any firearm . . . ,
              or to knowingly and intentionally carry about his person, hidden
              from common observation, any weapon described in subsection A

pled not guilty to the charges against him. Immediately following his plea, appellant was tried in a bench trial.

In support of the charge the Commonwealth proffered the following evidence to which appellant did not object. Deputy Green of the King William County Sheriff's Office responded to an incident which occurred at 349 Canaan Road in King William County. Prior to arriving at that location, Deputy Green met with Ms. Nakita Braxton, the victim, at a relative's home. Ms. Braxton informed Deputy Green that she had confronted appellant after finding women's underwear that did not belong to her in the Canaan Road home and that upon confronting appellant, he hit her in the right arm and upper lip. Ms. Braxton further stated that she was afraid appellant would get his handgun, so she retrieved the gun, ran outside, and threw it under the front steps of the house.

Deputy Green then proceeded to 349 Canaan Road to speak with appellant. Deputy Green was accompanied by Corporal Custalow of the King William County Sheriff's Office. Upon arrival, Deputy Green was unable to locate a firearm under the front porch. He then proceeded to knock on the front door. Appellant answered the door, and Deputy Green requested that he step outside and speak with him. Appellant refused to exit the home, but allowed his children to exit and return to Ms. Braxton's custody. Deputy Green then requested to enter the residence. Appellant refused his entry. After his denial of Deputy Green's repeated requests to enter the home, Deputy Green informed appellant that he would be arrested if his refusal continued. Appellant then agreed to allow Deputy Green and Corporal Custalow into the home.

---

of § 18.2-308 . . . . Any person who violates this section shall be guilty of a Class 6 felony.

Upon entry into the home, appellant sought to retrieve a pair of shoes from his bedroom. Deputy Green informed appellant that he and Officer Custalow would accompany him to the bedroom. Appellant acquiesced to Deputy Green's request. Once inside the bedroom, Deputy Green observed two long guns against the wall and advised appellant that he was under arrest. Corporal Custalow then grabbed appellant's left arm. Appellant attempted to break away and while doing so, he reached for his waistband. At that moment, the officers observed a handgun in the waistband of appellant's pants. The officers then secured appellant. It was later determined that the handgun in appellant's waistband was a Smith and Wesson .40 caliber, which had been stolen from Henrico County. Appellant denied knowing that the gun was stolen.

While processing appellant, Deputy Green noted a felony on his criminal record, and asked appellant about that conviction. Appellant answered that it was a "conviction in New York State" for "a stolen gun related to his stepson." Thereafter, during the execution of a search warrant, the police found a 410 shotgun, a Ruger rifle, a Sportsman 12 gauge shotgun, a Ruger .308 rifle, a Remington 12 gauge shotgun barrel, and other miscellaneous gun parts and ammunition in the Canaan Road house.

After its proffer, the Commonwealth offered into evidence a certificate of disposition from the Nassau County, New York Superior Court. The certificate of disposition provided as follows:

People of the State of New York        Case Number:  SCI-88315-94
                vs.                    Lower Court Number (s):
16254/93
                                       Date of Arrest:  08/01/1993
Girard, Charles                        Date of Birth:  01/12/1963
                Defendant.

I hereby certify that it appears from an examination of the records
on file in this office that on 06/07/1994 before the Honorable
Santagata, M then a Judge of this court, the above named
Defendant [appellant] entered a plea of guilty to the crimes of

> Attempted Criminal Possession of a Weapon 3rd Degree
> PL 110-265.02 00 EF (Weapon Type Not Specified)
>
> That on 09/23/1994 the above named Defendant [appellant] was
> sentenced by the Hon. Santagata, M, then a Judge of this Court to
>
> Attempted Criminal Possession of a Weapon 3rd Degree
> PL 110-265.02 00 EF (Weapon Type Not Specified)
> Imprisonment = 6 Month(s)
> Probation = 5 Year(s)
>
> Surcharge = $155 (Paid)
>
> In witness whereof, I have hereunto set my hand and affixed my
> official seal on this date 06/16/2014.

The Clerk's signature was on the certificate of disposition.

Appellant had "no objection" to the certificate of disposition being entered into evidence. Appellant's counsel specifically stated, "Judge, we do not have an objection to the order because the statute [Code § 8.01-389(A1)] . . . is complied with by the Commonwealth in this instance." However, appellant objected on grounds that the content of the certificate of disposition was "insufficient to establish [that appellant had] a prior felony conviction." The trial court took judicial notice of the certificate of disposition.[2]

The Commonwealth then offered into evidence Exhibit 2, appellant's waiver of indictment for the New York "felony complaint," as well as Exhibit 3, an excerpt of "New York Penal Code § 265.02 . . . entitled criminal possession of a weapon in the third degree. And Penal Code § 110.05, attempt to commit a crime punishment." The appellant objected to both Exhibits

---

[2] In admitting the certificate of disposition into evidence, the trial court stated that it "would take judicial notice" of it. Specifically, the trial court stated that it was permitted to take "judicial notices of other sources whether this is or is not a felony under the laws of New York." We note that Code § 8.01-389(A1) is an authentication statute. On the other hand, Code § 19.2-265.2 provides a statutory authority for courts to take judicial notice of certain things. However, we need not address whether judicial notice was properly taken in this context as the certificate of disposition was admitted into evidence without objection and neither party raised an objection to the trial court's statement that it was taking judicial notice of the certificate.

2 and 3, arguing that the trial court was precluded from taking judicial notice of these documents because they were not court orders as required by Code § 8.01-389(A1). The trial court overruled the objections and took judicial notice of Exhibits 2 and 3.

Appellant then made a motion to strike. Appellant argued that the evidence was insufficient as a matter of law to establish that the appellant had previously been convicted of a felony. Specifically, appellant contended that because the certificate of disposition did not specifically state that appellant had been convicted of an E-felony it would be conjecture to conclude that the "EF" stood for E-felony. Appellant continued arguing that the six-month sentence noted on the certificate of disposition was consistent with a misdemeanor charge and that because the charge of criminal possession had been reduced to attempted criminal possession it gave the appearance that appellant's felony charge had been reduced to a misdemeanor.

The Commonwealth responded that the documents must be considered in addition to appellant's admission that he had a "conviction in New York State" for "a stolen gun related to his stepson."

The trial court overruled appellant's motion to strike. The trial court opined:

> This is a case where we do have a conviction from New York. It is signed by the Judge. It is properly certified. It states he wasn't found guilty.[3] He pled guilty to attempted criminal possession of a weapon, third degree. It does have the notation EF. That by and of itself wouldn't be sufficient to prove what it was. But, then, the supporting document, Exhibit No. 3 from the Commonwealth shows that under New York law, attempted criminal possession of a weapon in the third degree is a felony. If it were not for Commonwealth's Exhibit No. 3, then, it wouldn't be proven. But

---

[3] This Court notes that this statement, when considered in the context of the trial court's ruling, was made in error. Based on its ruling, the trial court clearly intended to state that the certificate of disposition proved that appellant pled guilty to, and was found guilty of, attempted criminal possession of a weapon, third degree.

it is proven at this point by the Commonwealth's evidence and
your motion to strike is overruled on the felony charge.

Appellant then testified that he was unaware that his gun charge in New York was a felony.

The trial court found appellant guilty of possession of a firearm by a felon. Appellant was sentenced to five years in prison with three years and six months suspended. This appeal followed.

## STANDARD OF REVIEW

"Where the sufficiency of the evidence is challenged after conviction," this Court "will reverse a judgment of the circuit court only upon a showing that it is plainly wrong or without evidence to support it." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009); see also Code § 8.01-680. When reviewing the sufficiency of the evidence, this Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original). Rather, we "must . . . ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)) (emphasis in original).

When reviewing the sufficiency of the evidence, this Court is required to "consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party at trial." Perry v. Commonwealth, 280 Va. 572, 578, 701 S.E.2d 431, 435 (2010) (quoting Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000)). This deferential standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673

S.E.2d 904, 907 (2009) (*en banc*) (quoting Crowder, 41 Va. App. at 663 n.2, 588 S.E.2d at 387 n.2). "Viewing the record through this evidentiary prism requires [this Court] to discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Smith v. Commonwealth, 56 Va. App. 711, 714, 697 S.E.2d 14, 15 (2010) (quoting Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009)).

ANALYSIS

THE EVIDENCE WAS SUFFICIENT TO FIND THAT APPELLANT HAD PREVIOUSLY BEEN CONVICTED OF A FELONY.

Appellant contends that the evidence was insufficient to support his conviction for possession of a firearm by a felon. Specifically, appellant contends that the Commonwealth failed to prove beyond a reasonable doubt that the "EF" contained on the certificate of disposition, which immediately followed the language "Attempted Criminal Possession of a Weapon 3rd Degree, Pl 110-265.02 00 EF," stood for E-felony. We disagree.

Code § 18.2-308.2 provides in pertinent part:

> A. It shall be unlawful for (i) any person who has been convicted of a felony; . . . whether such conviction or adjudication occurred under the laws of the Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm . . . , or to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308. . . . Any person who violates this section shall be guilty of a Class 6 felony.

When the existence of a prior conviction is an element of an offense, the Commonwealth must prove the prior conviction beyond a reasonable doubt, although it may prove such a conviction "by any competent evidence." Perry v. Commonwealth, 61 Va. App. 502, 512, 737 S.E.2d 922, 928 (2013) (quoting Perez v. Commonwealth, 274 Va. 724, 730, 652 S.E.2d 95, 98

(2007)).  However, "when the Commonwealth seeks to prove a prior conviction as an element of a crime by presenting an order entered in that prior case, the order must show that a judgment of conviction was entered in adjudication of the charge."  Id. (quoting Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005)).  Furthermore, "[a] court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted."  Palmer, 269 Va. at 207, 609 S.E.2d at 310.

In this case, the certificate of disposition was admitted into evidence.[4]  The certificate stated that on June 7, 1994, appellant pleaded guilty to the crime of "Attempted Criminal Possession of a Weapon 3rd Degree, PL 110-265.02 00 EF."  It further provided that on September 23, 1994, appellant was sentenced to six months' imprisonment and five years' probation on the charge of "Attempted Criminal Possession of a Weapon 3rd Degree PL 110-265.02 00 EF."  Admittedly, on its face, the certificate does not make clear what "EF" stands for.  And if the certificate were considered in isolation, it could be argued that the trial court engaged in impermissible "surmise and conjecture" in concluding that "EF" meant E-felony.  Palmer, 269 Va. at 207, 609 S.E.2d at 310.  However, the certificate was not the only evidence put forth by the Commonwealth to establish the meaning of "EF."

The Commonwealth also introduced N.Y. Penal Law § 265.02 and N.Y. Penal Law § 110.05 into evidence.  N.Y. Penal Law § 265.02 states that the charge of criminal

_____

[4] The certificate of disposition was properly admitted as a court record pursuant to Code § 8.01-389.  Code § 8.01-389 provides in relevant part that the "records of any judicial proceeding and any other official record of any court of another state or country, or of the United States, shall be received as prima facie evidence provided that such records are certified by the clerk of the court where preserved to be a true record."  It further provides that records include "any memorandum, report, paper, data compilation, or other record in any form, or any combination thereof."  Here, the certificate of disposition certified that its contents accurately reflected the Nassau County Superior Court's records, it was affixed with the Clerk's official seal, and it was signed by the Clerk of the Nassau County Superior Court.  For these reasons, the requirements of Code § 8.01-389 were met, and thus, the certificate was properly admitted.

possession of a weapon in the third degree is a "class D felony." However, as stated in the certificate, appellant pleaded guilty to *attempted* criminal possession of a weapon in the third degree. N.Y. Penal Law § 110.05 states that an attempt to commit a class D felony makes the attempted charge a "class E felony." Therefore, when looking at the certificate in conjunction with these N.Y. Penal Law code sections, a fact-finder could reasonably conclude that because the appellant was charged with attempting a class D felony, the "EF" on the certificate stands for E-felony, as provided for in N.Y. Penal Law § 110.05.

Moreover, the Commonwealth proffered, and the appellant did not object to the following statement: "In processing the defendant, [Deputy Green] asked the defendant, I see on your record you have a felony, what's that about? The [appellant] stated that his felony conviction in New York [S]tate was for a stolen gun related to his stepson."

Viewing both the direct and circumstantial evidence presented in the light most favorable to the Commonwealth, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant was a previously-convicted felon and therefore, affirm the decision of the trial court. [5]

CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.

---

[5] Appellant argues that <u>Palmer</u> is controlling, however <u>Palmer</u> involved a defendant whose prior record could not be determined with any certainty because he was a juvenile when previously charged and the documents from the juvenile and domestic relations district court that the Commonwealth introduced into evidence at defendant's trial on the felon in possession of a firearm charge "did not establish the fact or nature of Palmer's adjudication." In the present case, the Commonwealth presented the certificate of disposition, relevant New York Penal Law code sections, and appellant's own admissions to sufficiently prove the fact and nature of his prior adjudication. For these reasons, we find that <u>Palmer</u> is distinguishable and does not control.